J>aniel, ,J.
 

 The plaintiffs as the executors -and trustees
 
 *637
 
 of the last will of William Jones, deceased, ask the court to aid and direct them, in the execution of the trusts therein contained. First, we think, that the widow, Sarah Jones>
 
 •
 
 '
 
 '
 
 by virtue of the 3d clause in the will, takes for and during her life, after the debts of the testator are paid, all the estate, real and personal, but charged with the two annuities of $600 each, to Allen Jones, and the children of John Jones, as mentioned in the 5th and 6th clauses in the will. I£ the said annuities exhaust all the income of the estate in the hands of the trustees, and leave the widow without the means of maintenance, it is her misfortune not to have dissented from the will.
 

 Secondly, the annuity for John S. Jones’ children, being “for their support and benefit to be paid
 
 annually.”
 
 is to be paid to those children, who were in
 
 esse
 
 at the death of the testator, and the after born children are to be let in to the benefit of the said annuity prospectively from their births.
 

 Thirdly, on the death of Sarah Jones, the widow, the said two annuities will cease, because the
 
 fund
 
 is then to cease out of which they are to be raised. Allen Jones will then take in remainder, one half of the real and personal estate, subject to its going over to the children of his brother) John Jones, in case of his death, without leaving issue. It would be unreasonable, and, as we think, against the intention of the testator, for him to have a moiety of the entire estate, after the death of his mother, and also a contribution of the annuity of $600, which then could only be raised out of the other moiety of the estate.
 

 Fourthly,
 
 what is to become of the other moiety of the estate after the death of the widow
 
 %
 
 The testator had but two children, and he has shown a clear intention to disinherit one of them, his son John, as in his will he says, “4th Item, I give to my son, John S. Jones, one dollar.” He has provided for Allen, his other son, by giving him half his estate after the death of his mother, and the ceasing of his annuity. He has shown us before in his will, that the children of his son John were collectively objects of his bounty equally with h.is son Allen,.in respect .of .the annuities. .If
 
 *638
 
 the children of John do not take the other moiety of the estate in remainder, then there is nothing in the will that can Pícate a!1 intention of a
 
 cesser
 
 of their annuity at the death of the widow, which annuity is charged upon and to be paid, “out of the annual income of the estate.” That annuity, if continued to be raised, would exhaust, or nearly exhaust, the income arising out of the said moiety of the estate ; and if there was any thing over, it would have to go to the two sons, as being the heirs at law and next of kin of the testator — one of whom he intended to disinherit, and the other he had just provided for, with half of his estate.' — ■ When we read the preamble of the will, we must see that the testator did not intend to die intestate as to any of his property; or that he meant to leave this moiety subject only to a charge of the annuity of $600 to John S. Jones’ children. But it seems to us, that he meant it to go to the said children, as a remainder, on the death of his widow.— He says, if my son Allen should die without issue, “ J
 
 then give the property
 
 to my son John S. Jones’ children, to be managed by the executors to the benefit of the children.”— On the event of Allen dying without issue, the testator intended that then the title to “
 
 the
 
 property,” meaning his whole property, (and not that only that had been given to Allen) was to be in John’s children. This expression of the testator raises a strong presumption that he supposed that the children were already to be considered the owners of that portion of the entire estate, which was not included in Allen’s remainder. By sticking to the strict letter of the sentence, and the adverb of time
 
 (then,)
 
 and not looking through the whole will for the testator’s meaning, the word “ then” would seem to bring the two moieties of the entire estate to the children, at one and the same instant of time, to wit, on the contingency of Allen dying without issue_
 
 Then,
 
 and not till
 
 then
 
 are the children of John to take any thing in the estate in remainder, say the defendants John, Allen and the widow. But, we will ask, what is there in the will to limit the annuity given to the children, if it is .not to be constructively limited, by their taking in remainder:
 
 *639
 
 the estate charged with the payment of the annuity like that which was given to Allen. Their 'annuity otherwise would be a perpetual annuity, charged on this moiety of the estate. Again, great inconvenience would arise in getting in the estate for the children on the death of Allen without issue, if the other moity in the mean time was to be distributed on the death of the widow, to the heirs and next of kin of Wm. Jones; such an inconvenience could never have been contemplated by the testator. These defendants also contend, that the words used by the testator, (“I then give
 
 the property”)
 
 only cover the moiety which was already given to Allen, subject to the contingency therein mentioned, and that the said words could not fairly be made to refer to any other property. We think otherwise. The said words constitute the beginning of a sentence in the will; and the testator was speaking as if he intended to say,
 
 “I then give my whole property
 
 to John S. Jones’ children.” The whole property should then be in them; raising an implication, that he considered the other half was to be in them from the death of his widow. And, we think, from the provisions of the will, if the annuity is to cease then, that inasmuch as there would then be no provision for said children of John S. Jones, they are entitled to a vested remainder in fee to the other moiety of the real and personal estate of the testator. And, that, if any of the children of John Jones should die before the tenant for life, then the prospective annuities would all survive
 
 to the
 
 surviving children of John S. Jones, and a personal representative of a dead child should not share with them in such annuities. But as to the vested estate, which they take in remainder on the death of the tenant for life, the children of John, born at the death of the testator, or which may be born before the time of the division of said estates, (to wit, the death of Sarah Jones.) and the real and personal representatives of any of the said children who may die before that time, are to take shares in the real and peisonal estate in said remainder, according as- their rights and proportions may then appear to be.
 

 
 *640
 
 There must be a reference to take the accounts as asked by the parties.
 

 Pur Curiam. Decree accordingly.