Hall, Judge.
 

 — The question to be decided is, who is entitled
 
 to
 
 the proceeds of the sale of the land devised to be sold by
 
 John Henderson’s
 
 will, as the object for which the testator directed the sale cannot be accomplished.
 

 Cox,
 
 iu a note to
 
 Cruse
 
 v.
 
 Barley,
 
 (3
 
 P. Wms.
 
 22.)—
 
 Bridgman,
 
 in his index,
 
 (Devise
 
 3
 
 pi.
 
 151,) and
 
 Thomas
 
 (in a note to his edition of
 
 Co. Litt.
 
 2
 
 vol. page
 
 702,) unite in saying, that when real estate is devised to be sold, it is important to consider, whether the testator meant to give the. produce of such estate the quality of personalty to all intents, or only so far as respected the particular purposes of the will. For unless the testator has sufficiently declared his intention, not only that the realty should be converted into personalty, but further that the produce of the real estate shall be taken as personalty, whether such purpose take effect or not, so much of the real estate or the produce thereof, as is not effectually disposed of by the will at the testator’s death, whether from the silence or inefficacy of the will itself, or from subsequent lapse, will result to the heir. The
 
 *311
 
 ralo as thus bud down, seems to bo supported by the loui»" authorities, vtfiich ore referred to for that purpose:
 
 Randal v. Bookey,
 
 (2
 
 Vern.
 
 425)—
 
 Stonehouse
 
 v.
 
 Evelyn,
 
 (3
 
 P. Wms. 253)
 
 — Fletcher v.
 
 Ashburner,
 
 (1
 
 Brown ch. 502)
 
 — Robinson v.
 
 Taylor,
 
 (2
 
 Do.
 
 589)—
 
 Stansfield v. Habergham,
 
 (10
 
 Ves.
 
 279)—
 
 Williams
 
 v. Coade, (10 Ves
 
 500)
 
 — Gibbs v.
 
 Ougier,
 
 (12 Ves.
 
 415)
 
 — Hooper v.
 
 Goodwin,
 
 (18 Ves.
 
 156)
 
 — Chambers v.
 
 Brailsford,
 
 (18
 
 Ves. 368)
 
 — Gibbs
 
 v. Rumsey,
 
 (2 Ves. & Bea, 294) — Chit
 
 ty
 
 v.
 
 Parker,
 
 (2 Ves. Jr. 271.)
 

 it usay therefore be taken for granted, that as the devise of the lands cannot (abe effect under the first clause in the will, the heirs at law are entitled to the proceeds of the sale of such lands, unless sene other clause in the will gives it another direction. Viewing the question under the first clause of the will, it is the common case oí' a disposition by will of money to be. raised from the sale of land ,* which money has been raised, but the devise cannot be carried into effect, and (lie money remains not further disposed of, and no doubt can exist that a trust results to the, heir at law. It ran make, no difference that the land has been sold, and that
 
 money,
 
 the proceeds of the sale, is the subject of dispute, (Hill v.
 
 Cock,
 
 1
 
 Ves.
 
 &
 
 Beam.
 
 174.) It is however contended, that the testator has made a disposition of it in other parts of the will, which it is next proper to examine.— The only pari of the will which it can be supposed has that effect, is where he, directs his five negroes, with all bis horses, cattle, sheep, hogs, farming utensils, household furniture, and
 
 any other thing nol mentioned in this my last will,
 
 to be cold at public safe, and the money arising therefrom to he applied to the payment of debts, funeral expenses, and after giving some legacies, he directs
 
 the remainder or balance to be divided
 
 as follows ; 441 give and bequeath to my sister Jane and family, I give and bequeath to my brother
 
 Ardnfa
 
 son,
 
 James Henderson, l
 
 give and bequeath to my brother
 
 Jame*
 
 and family, each one to share and share fTkeF
 

 
 *312
 
 From this disposition it does not appeal, that the fes-to lor intended to give to the produce of the land the quality of personalty to all intents, or to convert it out and ouj.# ¡l( particular he is altogether silent,) but only intends to convert it, so far as was necessary foan-sw er the express purpose, for which a sale was directed. I say on that subject he is
 
 silent;
 
 because it does not appear to me, that the land or money in dispute, is included, or was intended to be included in the residuary clause in ihe will last mentioned. The words (as far as concerns this question) arc,
 
 “and any other thing not mentioned in this my last will.”
 
 He had directed his negroes, horses, furniture, &c. to be sold, and used these words to embrace any other articles of a like kind, that he might have omitted to mention. The residuum thus created is a special residuum of the
 
 personal estate.
 
 Of course the land or money in dispute is not included, not having been converted out and out, and therefore results to the heirs at law, as personal estate similarly situated would result to the next of kin, (10
 
 Ves.
 
 500 — 15
 
 Ves.
 
 416.) If it has not been converted into personalty, it would not pass in a residuary clause, intended to include the residuum of personal estate. (11
 
 Ves.
 
 90, see also
 
 Gibbs
 
 v. Rumsey, 2
 
 Ves.
 
 &
 
 Bea.
 
 296 — 1
 
 Ves.
 
 &
 
 Bea.
 
 416.) And it seems to be the opinion of the Master of the Rolls in
 
 Dawson
 
 v.
 
 Clark,
 
 (15
 
 Ves.
 
 414,) that a lapsed devise would not go to a residuary devisee, although a lapsed legacy would go to a residuary legatee, nor would it without the aid of our acts of Assembly, be subjected to simple contract debts.
 
 (Gibbs
 
 v. Ougier.) In
 
 Collins
 
 v.
 
 Wakeman,
 
 (2
 
 Ves. Jr.
 
 683,) money raised from the sale of real estate was expressly declared to be personal property. Yet as it was eventually undisposed of, it was held to result to the heir at law.
 
 (Hooper
 
 v.
 
 Goodwin.)
 
 So in
 
 Sheddon v. Goodrich,
 
 (8
 
 Ves.
 
 481,) it. was held that money raised from the sale of real estate, not converted out and out into personalty, will not pass by a codicil, not attested so as to pass real estate.
 

 
 *313
 
 There are cases however where residuary legatees have prevailed against heirs at law, as in
 
 Mallabar
 
 v.
 
 Mallabar, (Ca. Temp. Talbot 79,)
 
 and
 
 Durour
 
 v.
 
 Matteux,
 
 (1
 
 Ves.
 
 320,) and in those cases the Court was of opinion that the real estate was converted into personalty for all the purposes of the will, so as to be i;i< l;;d d in the residuary danse. So in the case of
 
 Kennell
 
 v.
 
 Abbot,
 
 (4
 
 Ves.
 
 802,) part of the money arising from the sale of co-pyhold estate was disposed of in legacies, Use residue was expressly given in a general residuary clause; If was held that a void legacy, to be paid out of the, same fund, passed hy the residuary danse, that if was turned into personalty, and converted out and out.
 

 Also in
 
 Brown v. Bigg, (7 Ves.
 
 280,) where money arising from the sale of lands was directed to be laid out on security, and in a residuary clause, the testator gave after the death of his wife, the whole of hi;; personal estate. of every kind, both on
 
 public and private security,
 
 not disposed of in legacies, it was held to pass under such, residuary clause.
 

 But
 
 Bridgman (Devise pl.
 
 151,) says that these cases do not decide the question which would have arisen, if there had been no residuary disposition, or if such residuary disposition had been confined to
 
 what was personally al the testator’s death.
 
 According to that distinction?, 1 think the heirs at law entitled in this case, for the residuary bequest was certainly confined to what was personalty at ike testator’s death. The land was to be sold after giving three months notice, and the proceeds of the sale to be paid in three annual instalments. The other property, he directs to bo sold at no particular time, or upon no particular credit, and it in (ne unappropriated part of the proceeds of that sale, which in this case constitutes the residuum. “ The remainder or balance to he divided amongst, Use following persons;” the remainder or balance of what
 
 i
 
 Tim personal property before directed to be sold. He certainly never
 
 *314
 
 contemplated soiling the money arising from the sale of the land. That money constitutes no part of the vesi-duum. That was made up of the negroes and other pro-pe,,{y directed to be sold.
 

 The heirs at. law are therefore entitled to the money for which the land was sold, as the appropriation made of it by the testator cannot take effect.
 

 Per Curiam.-
 

 — Decree accordingly.