Ruffin, Chief Justice.
 

 After the judgment of this court in the action of ejectment between these parties, at June Term, 1837, the lessor of the plaintiff went into possession of the premises recovered. Proctor, the defendant at law, then filed this bill against Ferebee, and therein states the will of Thomas P. Williams, and all the other matters touching the titles of the respective parties to the land in controversy in that action, in substance as the same appear in the report of the suit at law in 2 Dev. & Bat. Rep. 439. But the bill .further states that Thomas C.- Ferebee,. the administrator of Thomas P. Williams, and husband of Peggy Williams, (heir of Thomas P. Williams,) and father of the present defendant, received the price bid for the land, and carried the same into his account as administrator, and applied the same, in part, to the payment of the testator’s debts; and paid over two thirds of the residue thereof to the testator’s widow and to his son Samuel, as their shares, under the bequests in the will,.
 
 *146
 
 and retained the other third part as the share of his wife Pegun<^er same bequest. The prayer is, that the defendant may be decreed to restore the possession, convey the legal ti-tie, and account for the rents and profits.
 

 A ciecuee in notU/íer0se" divest a ti-tut the°pen!oú who has the title, and who is hTthede^ cee, to convey,
 

 The answer admits all those facts as set forth in the bill. But it insists that the recovery at law was effected, upon the ground that Mrs. Ferebee was not a party to the suit, brought by Thomas C. Ferebee, her husband, and administrator of Thomas P. Williams, dec’d, for the sale of the land; and for the same reason that the present defendant, who claims as her heir, cannot, in this court, be bound by the decree therein, or any thing done under it.
 

 We must remark that the defendant is mistaken as to the ground of the recovery at law. The court expressly declined questioning the operation of the decree, on the interest of Mrs. Ferebee, merely on the ground that she was not a party to the suit. It was so declined, because, if she had been a party, the decree could not have affected her legal title, for the reason that a decree in equity does not profess, and cannot
 
 per se,
 
 divest a title at 1 aw, but only obliges a person who ^as ^ an(^ w^° mentioned in the decree, to convey as therein directed. In that case Thomas C. Ferebee was to convey. But as the title was in the testator’s heirs, and not in him, his conveyance passed nothing; and the title remained, as before, in the heirs of the testator. . , , , . That was the reason why the judgment m ejectment was given; for as the present defendant’s mother had not conveyed he was, upon the death of his father, entitled in possess- ' '
 
 *■
 
 ' A ion to an undivided moiety of the land.
 

 Whether in this Court the defendant can retain the benefit of that judgment,, depends on different principles. Upon the admitted facts we think it clear he cannot.
 

 Upon the construction of the will,-we before expressed the opinion that a sale of the land was not only to be made in case it became necessary, in aid of the personal estate, for the payment of debts, but that the intention was positive that there should be a sale at all events, either to create a fund for the payment of debts in room of a part of the personal estate, or for a division between the wife, daughter and son.
 
 *147
 
 We now see no reason to doubt the correctness of that opinion, but think it sufficiently established by the reasons then stated. Consequently, in this Court the fund is considered as converted,
 
 out
 
 and out, into personalty, because the testator intended that it should be so converted.
 

 when land {,y aTeítat0 be .converted
 
 out and ont
 

 In this aspect of the case, then, the defendant’s mother had the legal estate, upon an express trust to turn the land into money, and pay the proceeds into the hands of the personal representative of the testator, to be by him applied, first, to the payment of his debts, and then, secondly, to be divided among three persons, of whom she was herself one. Now, admitting that it is competent for persons thus entitled to the proceeds of the sale of land, to elect to take the land itself, or that only so much shall be sold as will satisfy the debts, yet nothing of that kind occurred here. On the contrary, the parties agree that a sale was necessary for the payment of debts, and part of the proceeds of the land was so applied. Indeed, two of the three legatees, Mrs. Williams and Samuel Williams, expressly elected that there should be a sale of the land, and in their answer, in the suit in equity, joined in the prayer for it. But here the defendant objects that his mother was not a party to that suit, and therefore, her share is not bound by the proceedings. If she had been a party, the decree would indeed have concluded her, as it does those who were parties
 
 proprio vigore,
 
 without regard to the truth of the facts stated in the pleadings, or declared in the decree. But in this case it is not material that Mrs. Ferebee should have been a party to that suit; nor is it necessary to recur to that proceeding, eyen to bind Mrs. Williams, or Samuel Williams, or for any other purpose in this cause. It may be dismissed from our consideration altogether, and there will yet remain enough to compel the relief to the plaintiff. It is admitted that the widow and son received their shares of the proceeds of the sale. They therefore must be regarded as concurring in or confirming the sale by that act, independent of the decree. Then as to the share of Mrs. Ferebee, it is to be recollected that, in the view of this Court, that is personalty, and, by consequence, at the disposition of the , i mi
 
 •r?
 
 ill t , . band, The wile could make no election to the prejudice of
 
 *148
 
 the husband. On the contrary, the husband, having received the purchase money, and paid to other persons such parts as they were entitled to, kept his wife’s share as a personal legacy, belonging in law to himself, as in truth it did.
 

 into personalty, the share of a ■wife belongs in the view of this court to her husband as other perponalty.
 

 Thus the case is that of a sale of land by the
 
 cestuis que trust,
 
 who are here looked upon as the owners, and the receipt of the purchase money by them, upon the strength of which the purchaser calls on the trustee for the legal title. Of course nothing remains but for the. trustee to convey, as asked. The plaintiff is therefore entitled to he restored to the possession; and there must be
 
 the usual decree for a
 
 conveyance, to be approved by the Master, and for an account of the rents and profits, and of the costs adjudged to the present defendant as lessor of the plaintiff in the suit at law; and the defendant must pay the costs of this suit.
 

 Per Curiam. Decree for the plaintiff accordingly.