Nash J.
 

 The question submitted to us depends upon the proper construction of the Oth cla'use. The intention of the testator is always to be carried out, when it can be gathered from the will itself, but it must not rest in supposition or surmises. The testator must not only have a particular intent, but must express that intent in apt words, in words sufficient to show if. The terms “all the residue of my property both real and personal, not herein expressly willed,” &c., would very clearly embrace not only the notes in question, but also such money as he had in possession at the time of his death, and if the testator had devised the property itself, to the thi’ee legatees mentioned in that clause, no question could be made as to their right under the will to it. But lie has not so done, but gives to them the proceeds of
 
 *231
 
 the property. He directs that the property, embraced in that clause, should be put to
 
 sale
 
 at such
 
 credit,
 
 as my executors may think proper. What property is embraced in this clause'? Certainly not notes or money, but such property as was usually the subjéct of sale.
 

 This construction is made evident by the direction to sell on a credit. If the notes were so sold, they-would produce but notes or bonds, or evidences oí debts. In the case
 
 Fraser
 
 v.
 
 Alexander,
 
 2 Dev. Eq. 348, the will commenced, “as to what worldly substance, it has pleased God to bless me with, I dispose of in the following manner,” &c. .There it. was manifestly the intention of the testator not to die intestate, as to any of his property, yet the Court decided that ho liad not disposed of the whole. In the opinion delivered by the Chief Justice, it is declared,that the terms,“all my property,”could not embrace money or bonds, if the testator had left any, because the property thereby given is to be sold at public sale, which is altogether inapplicable to money, whether due or in hand. That case was followed by that of
 
 Bradly
 
 v.
 
 Jones, 2
 
 Tre. Eq. 248, where the question we are now considering caree directly before the Court. The words of the will, there, were, “all the balance of my estate, that is not given to be sold, and the money arising from the sale,” &c. At the time of the death of the testatrix, she had in her possession specie and banknotes. The Court decided that she could not have meant the latter, but only such properly as was usually the subject of sale. It is said, however, in behalf of the three legatees mentioned in that clause, that it is evident, that the testator did not intend to die intestate as to any of his property; that he intended to dispose of the whole. This may beso, and very likely was, but, in seeking for his intention, we must net pass by the language he has used. If we do, we shall make the will, and not. expound it. The intention of the testator in this case, for that purpose, is not express
 
 *232
 
 ed as clearly and as strongly as in
 
 Bradly
 
 v.
 
 Jones.
 
 There, then, could be no doubt of such intention, and yet the Court decide he died intestate, as to a large and valuable portion of his estate mentioned in the will.
 

 We are of opinion, that the notes on hand, at the death of the testator, did not pass under the 6th clause of the will, they not being mentioned in it specifically, and there being no general residuary clause, which would embrace them. Therefore they must be distributed, as in a case ofintestac}'.
 

 The costs must be paid out of the proceeds of the notes.
 

 Per Curiam.
 

 Decree accordingly.