Battle, J.
 

 The residuary clause in the will now under consideration is of the most comprehensive character. It embraces the balance of the testator’s property of every kind not otherwise bequeathed. It must, therefore, comprehend, as was said by the Court in
 
 Sorrey
 
 v.
 
 Bright,
 
 1 Dev. and Bat. Eq. Rep. 113, “ all the personalty which is not otherwise effectually disposed- of by the will, whether it be acquired after the making of the will, or whether it fall in by the lapse of a legacy, or by the particular gift of the thing being illegal and void.” This settles the question in the present case, unless there be something in the will to make it an exception to the general rule. We will proceed to consider whether such an exception can be- established'. In the same case of
 
 Sorrey
 
 v.
 
 Bright,
 
 it is said that the extent of the rule may be restricted by the special wording of the will. If the residue given is partial, that is, of a particular fund, the rule has no application. So, where it is clear from the residuary clause itself, or other parts of the will, that the testator had in fact a contrary intention, namely, that the residue- should not be general, and that things given away, or which the will professed to give away, should not fall into the residue.” The cases cited by the plaintiffs’ counsel of
 
 Kirkpatrick
 
 v.
 
 Rogers,
 
 6 Ire. Eq. Rep. 135;
 
 Hudson
 
 v.
 
 Pierce,
 
 8 Ire. Eq. Rep. 126, and
 
 Lea
 
 v.
 
 Brown,
 
 decided at the last term, (ante, 141,) all recognize the general rule, but are held to be exceptions from it-, on account of the special circumstances, of intent apparent in the will. In the case before us, the only-circumstance that can possibly be relied on to take it out of the genaral rule, is, that the legatee whose legacy lapsed by
 
 *238
 
 Ms death in the life-time of the testator, was himself one of the residuary legatees. Had the legacy given to him been void on account of its being contrary to law, and had he survived the testator, then it might have been contended, perhaps, with success, that the legatee could not have taken as a residuary legatee, or as one of the residuary legatees, what had been declared void when given to him as a specific or general legacy. See
 
 Hudson
 
 v. Pierce,
 
 ubi stvpra.
 
 But there is no such inconsistency in the other residuary legatees taking under a general and unrestricted clause, what turns out to be otherwise undisposed of, by reason of the death of a legatee before the will took effect. The law favors the construction that a lapsed legacy of the latter kind falls into the residue, more readily than it does one which lapses because it is void. The reason for the distinction is stated in
 
 Lea
 
 v. Brown, and need not be here repeated. Our opinion then is, that the legacy to John G. Allison, which lapsed by his death in the testator’s life-time, fell into the residue, and must be equally divided between the other residuary legatees, and a decree may be drawn accordingly.
 

 Pee Cukiam, Decree accordingly.