HOLTON v. JONES.

(Filed November 17, 1903.)

1. WILLS—*Estates—The Code, sec. 2142—Devises and Legacies.*

Where realty is devised to a person and her children during their lifetime and then to go to her grandchildren, on default of grandchildren *in esse* at the death of testator the fee vests in the heirs at law of the testator to the use of any grandchildren who might thereafter be born.

2. WILLS—*Devises and Legacies—Heirs.*

The heirs of a testator, and not the residuary legatees, take property included in a lapsed specific devise, unless it appears that the testator intended it otherwise.

ACTION by A. E. Holton and others against P. L. Jones and others, heard by Judge *W. R. Allen,* at July Term, 1903, of the Superior Court of RANDOLPH County. From a judgment for the plaintiffs the defendants appealed.

*Brittain & Gregson, W. P. Bynum, Jr., G. S. Bradshaw* and *L. M. Scott,* for the plaintiffs.
*U. L. Spence* and *Hammer & Spence,* for the defendants.

CONNOR, J. This is an action brought for the recovery of the land described in the complaint, and submitted to the Court upon an agreed state of facts. On the 15th April, 1884, Alfred Holton died seized of the land, having first executed his last will and testament, the second item of which is as follows:

"I give and devise unto Sarah Ann Allen, wife of H. B. Allen, and the heirs of her body, for the natural love I bear unto the said Sarah Ann Allen and her offspring and for services she has rendered unto me before and since her marriage,

for the term of their natural lives, certain lands as follows:
\* \* \* To have and to hold to them, the said Sarah Ann
Allen and the heirs of her body, during their lifetime, then
to go to the grandchildren of the said Sarah Ann Allen and
their heirs in fee-simple forever. It being my desire that the
Bowen tract and the balance of the Moffitt tract, as described
above, be allotted to Mattie Lucinda Allen, daughter of H. B.
Allen and Sarah Ann Allen, when she arrives at the age of
womanhood. It is my desire that the Allred tract, as men-
tioned above, be allotted to John Allen, son of H. B. Allen
and Sarah Ann Allen, when he arrives at the age of man-
hood. I desire that an equal division be made according to
valuation of all home lands and the pine tract, as described
above, between the bodily heirs of Sarah Ann Allen, as afore-
said, without power of sale, as expressed in the beginning of
this item."

Item eight of the will is as follows: "It is my desire that
all such property that is not itemized and bequeathed or de-
vised herein be sold at public auction to the highest bidder
for cash, and the net proceeds to be placed at interest for the
benefit of the bodily heirs of the said Sarah Ann Allen dur-
ing their minority, when they arrive at the lawful age the
principal, together with all interest accrued thereon, share
and share alike, but no principal to be drawn during their
minority."

The testator died without issue or lineal heirs, it appears
from the agreed state of facts, and the plaintiffs are his
heirs at law. At the time of the death of the testator Sarah
Ann Allen had two children living, Mattie and John B.
Mattie died intestate on April 13, 1893, unmarried and with-
out issue. John B. died on June 22, 1899, unmarried and
without issue. Sarah Ann Allen died on March 24, 1895,
intestate.

The defendants are the collateral relations of John B.

Allen, deceased, and are in possession of the lands devised by the testator. There was other personal property not mentioned in the several items of the will, but no other real estate than that described.

His Honor rendered judgment in favor of the plaintiffs and the defendants appealed.

The title to the land, by the language of item two, passed to Sarah Ann Allen and her bodily heirs, which, reading the entire will, we construe to mean children for life, remainder to the grandchildren of the said Sarah Ann Allen. There being no grandchildren *in esse* at the time of the execution of the will or the death of the testator, the fee vested in his heirs at law. Upon the birth of grandchildren of Sarah Ann Allen, his heirs would have held to their use, and by operation of law the legal title would have vested in them—they taking as a class which would have opened to admit others answering the description of the class.

*Pearson, J.,* in *Lea v. Brown,* 56 N. C., 148, says: "In regard to the land there is no difficulty; for it is a well settled rule that all real estate which is not effectually disposed of by will devolves upon the heir at law. * * * So that if a devise fails to take effect because it is void, or by reason of the death of the devisee, the subject devolves upon the heir." This was said without reference to section 2142 of The Code. If the land is directed to be sold by the executor the title is in the heir until the power is executed. *Ferebee v. Proctor,* 19 N. C., 439; *Proctor v. Ferebee,* 36 N. C., 143; 36 Am. Dec., 34; *Gay v. Grant,* 101 N. C., 219.

No grandchildren having been born to Sarah Ann Allen the question arises, to whose use do the heirs of the testator hold the land? The defendants contend that by virtue of item eight of the will the land is to be sold and the proceeds paid over to the representatives of the children of Sarah Ann

Allen, and that, as John B. Allen was the sole representative of his deceased sister, they, as his representatives, are entitled to the proceeds, or, as they elect, to take the possession of the land. It is doubtful whether in any aspect of the case the defendants can take as heirs of John B. Allen. If the eighth item be given the construction contended for by the defendants, the language operated as a conversion "out and out," and John B. would, at his majority, have taken the proceeds as personalty, and upon his death it would have passed to his administrator for distribution. In *Benbow v. Moore,* 114 N. C., 263, *Shepherd, C. J.,* quoting Williams on Executors, says: "That every person claiming property under an instrument directing its conversion must take it in the character which that instrument has impressed upon it, and its subsequent devolution and disposition will be governed by the rules applicable to that species of property." The case, however, was not presented or argued upon this view.

The plaintiffs contend that the eighth item is not a residuary clause, and that in no point of view does it include or have any reference to the land devised to Sarah Ann Allen in the second item. Section 2142 of The Code provides: "Unless a contrary intention shall appear by the will, such real estate or interest therein as shall be comprised or intended to be comprised in any devise in such will contained which shall fail or be void by reason of the death of the devisee in the lifetime of the testator, or by reason of such devise being contrary to law or otherwise incapable of taking effect, shall be included in the residuary devise (if any) contained in such will." This section of The Code, enacted in 1844, is a copy of the English statute upon the same subject. It will be observed that it provides for such devises as shall fail or be void: 1. By reason of the death of the devisee during the lifetime of the testator; 2. By reason of such devise being contrary to law; 3. Or otherwise incapable of taking effect.

If it should be conceded, as contended by the defendants, that item eight is within the definition of a residuary clause, and that a devise of land incapable of taking effect would, "unless the contrary intention shall appear·by the will," pass thereunder, we are of the opinion that in this case a contrary intention is to be gathered from the entire will.

Mr. Schouler, in his work on Executors, section 521, says: "That on general principles the heir at law is favored as much as possible, even to the detriment of a residuary devisee; and, accordingly, a specific devise lapsing by the death of a devisee, the 'heir' and not the residuary legatee takes the advantage; and, in fact, whether a devise lapsed or was void *ab initio,* the residuary devise did not absorb it." This of course is without reference to the·statute.

It is clear that the testator did not contemplate the sale of this land under item eight of his will. Sarah Ann Allen having at that time two children, he reasonably supposed that they would marry and children be born to them. He directs in item eight, that all such property that is not itemized and bequeathed or devised therein to be sold at public auction, etc., and the net proceeds placed at interest for the benefit of the bodily heirs of Sarah Ann Allen during their minority, etc. It is clear that in using the word "property" he intended to refer to personal property, because he had expressly itemized and devised the land, The contingency upon which there should be a failure of the devise could not possibly have happened until the death of the children of Sarah Ann Allen; hence he could not have intended that the very land which he had given to them, and carefully provided for an equal distribution between them "without power of sale," should be sold and the proceeds paid over to them. To place this construction upon his language would be to do violence to his manifest intention, and this the Court should never do, unless some positive and controlling rule of law commands it.

In *Henderson v. Wilson,* 16 N. C., 313, the testator directed his land to be sold and the proceeds applied to certain debts named. The object could not be accomplished. *Hall, J.,* in that case says: "It may, therefore, be taken for granted that as the devise of the lands cannot take effect under the first clause of the will, the heirs-at-law are entitled to the proceeds of the sale of such lands, unless some other clause in the will gives it another direction. * * * It is, however, contended that the testator has made a disposition of it in other parts of the will. * * * The only part of the will which it can be supposed has that effect is where he directs his five negroes, with all his horses, cattle, sheep, hogs, farming utensils, household furniture and *any other thing not mentioned in this my last will,* to be sold at public sale and the money arising therefrom to be applied to the payment of debts, funeral expenses, and after giving some legacies he directs the remainder or balance to be divided, etc." It was held that the land did not pass under the residuary clause, but that the proceeds went to the heir at law. This decision is put upon the intention of the testator as gathered from the will.

In *Lea v. Brown, supra,* the testator provided for the emancipation of certain slaves, which provision failed to take effect, because against public policy. The will contained a residuary clause. The Court held that the slaves passed to the distributees, *Pearson, J.,* saying: "So that, if the devise fails to take effect because it is void, or by reason of the death of the devisee, the subject devolves upon the heir, and the residuary devisee is not entitled to it—there being no reason for substituting a presumed general intention in place of the particular intention which has failed. * * * As the intention of the maker of a will ought to govern its construction, both in respect to personal and real estate, it would seem that the rules of construction ought to be applied with-

out reference to the different kinds of property, and the conclusion that, according to the rules which have been adopted in respect to personal property, these slaves, whom it was specifically the intention of the testator to favor, are to be sold to the highest bidder, like so many horses and hogs, in pursuance of his presumed general intention, is so monstrous as to furnish an instance of the *reductio ad absurdum.*" Referring to the contention to the contrary, he says: "This reasoning may be sound in regard to lapsed legacies, on the ground that the will speaks at the death of the testator, when he may be supposed to have been aware of the death of the legatee, and for that reason to have an intention to include the subject of the lapsed legacy in the residuary clause, but it is not sound in regard to legacies declared void; for at the death of the testator he supposed that he has made an effectual disposition of the subject to one, and cannot be presumed to intend to give it to another." So, in this case, it is manifest that the testator supposed that he had made a complete disposition of the land. He knew that at that time Sarah Ann Allen had no grandchildren, but he knew equally well that the provision which he had made for grandchildren to be thereafter born was effectual. The possibility of a failure of grandchildren did not occur to his mind. Certainly there is nothing in the eighth item which suggests an intention to provide for such possibility. It would be unreasonable to say that he gave the land to her children for their lives, expressly directing what portion each child should have and enjoy, and that they should have no power to sell, and yet in the eighth item direct a possible contingent interest to be sold and the proceeds applied to their use. Such intention is excluded by the will, read in the light of the facts agreed upon in this case.

In *Sorrey v. Bright,* 21 N. C., 114, 28 Am. Dec., 584, it is said: "That the extent of the rule prescribed by the statute

may be restricted by the special wording of the will. If the residue given is partial, that is, of a particular fund, the rule has no application. So where it is clear from the residuary clause itself, or other parts of the will, that the testator had in fact a contrary intention, namely, that the residue should not be general, and that things given away, or which the will professed to give away, should not fall into the residue." The rule would not apply. See also *Allison v. Allison*, 56 N. C., 236, and *Alexander v. Alexander*, 41 N. C., 229.

We have not decided the question ably discussed in the briefs, whether item eight is a residuary clause, because, in our view, treating it as such, we find a contrary intention upon the face of the will, and accordingly hold that neither the land nor any interest therein is included in the eighth item.

His Honor correctly held that the plaintiffs were entitled to judgment, and his judgment to that effect must be

Affirmed.