J. T. TAYLOR, JR. Petitioner v. R. G. JOHNSTON AND WIFE, MARGARET K. JOHNSTON; WILLIAM P. MAYO AND WIFE, ANNA BALL MAYO; ROSA HENRIES PRICE, WIDOW; NOAH W. GASKILL AND WIFE, HATTIE I. GASKILL LAND, WIDOW; JOHNNY GASKILL AND WIFE, VELVA GASKILL; VERA GASKILL RICE AND HUSBAND, ROOSEVELT RICE; CHARLOTTE GASKILL HOBBS, WIDOW; MARY GASKILL KITTINGER AND HUSBAND, A. R. KITTINGER; ANNIE L. GASKILL MOORE AND HUSBAND, HUBERT L. MOORE; EVA GASKILL CLEMMONS AND HUSBAND, LEONARD TERRY CLEMMONS; POLLY M. WILLIAMSON, WIDOW; LUTHER GASKILL AND WIFE, LUCY GASKILL; EDDIE GASKILL AND WIFE, EVA GASKILL; MARCUS GASKILL AND WIFE, LINA GASKILL; CHARITY DOWTY AND HUSBAND, TOLLIE DOWTY; EVELYN SPAIN AND HUSBAND, ROYCE SPAIN; THELMA HARRIS, WIDOW; ALVITA HOPKINS, WIDOW; MINNIE MAYO AND HUSBAND, GRANT MAYO; BLANCHE GOODWIN LUPTON AND HUSBAND, MANNING LUPTON; FURNEY GOODWIN AND WIFE, ANNIE GOODWIN; VIOLET GOODWIN IRELAND, WIDOW; EVA GOODWIN RIGGS AND HUSBAND, SETH RIGGS; ELMO GOODWIN AND WIFE, HELEN GOODWIN; MAGGIE GOODWIN DANIELS AND HUSBAND, OSCAR DANIELS; MARION GOODWIN AND WIFE, FRANCES GOODWIN; BERNICE ALCOCK LATHAM, WIDOW; WEYERHAEUSER COMPANY; GENTRY POTTER WILLIAMS AND HUSBAND, MANLEY WILLIAMS; ORIEN C. POTTER AND WIFE, WAYNE RAYE POTTER; BERNARD B. HOLLOWELL, TRUSTEE; THURMAN M. POTTER AND WIFE, EMMA V. POTTER; J. DENARD CARAWAN AND WIFE, ELMA CARAWAN; H. M. CARPENTER AND WIFE, MARY S. CARPENTER; R. H. MORRISON, JR., AND WIFE, GLADYS S. MORRISON; THE NORTH CAROLINA WILDLIFE RESOURCES COMMISSION; BRUCE B. CAMERON AND WIFE, LOUISE W. CAMERON; MARIE J. LEARY, EXECUTRIX OF THE WILL OF SYLVESTER J. LEARY, DECEASED; FIRST-CITIZENS BANK & TRUST COMPANY, TRUSTEE FOR BRUCE B. CAMERON III; ERVIN L. SADLER AND WIFE, RENA SADLER; EFFIE J. SADLER, WIDOW; WATEMAN SADLER; CARL F. ALCOCK AND WIFE, BIRMA L. ALCOCK; WILLIAM B. RODMAN, JR., CAMMIE R. ROBINSON, WIDOW; HANNAH R. CURTIS AND HUSBAND, GEORGE R. CURTIS; OLZIE C. RODMAN, WIDOW; JOHN C. RODMAN AND WIFE, ELIZABETH M. RODMAN; OLZIE C. RODMAN II, UNMARRIED; ARCHIE C. RODMAN AND WIFE, MEREDITH M. RODMAN; OWEN G. RODMAN AND WIFE, ELIZABETH W. RODMAN; CLARK RODMAN AND WIFE, MAVIS L. RODMAN; CAMILLUS H. RODMAN AND WIFE, HELEN M. RODMAN; W. BLOUNT RODMAN AND WIFE, MARTHA O. RODMAN; W. C. RODMAN AND WIFE, EFFIE T. RODMAN; OWEN H. GUION, JR., AND WIFE, ELIZABETH H. GUION; LIDA R. GUION, UNMARRIED; JULIA GUION MITCHELL AND HUSBAND, JOHN W. MITCHELL; THEODORA R. CHERRY AND HUSBAND, RICHARD F. CHERRY; CHARLOTTE R. ANDREW AND HUSBAND, J. H. B. ANDREW; NATHANIEL

Taylor v. Johnston

F. RODMAN, JR., TRUSTEE FOR THE ESTATE OF N. F. ROD-
MAN, DECEASED; AND ELIZABETH K. GUION, WIDOW

No. 753SC378

(Filed 15 October 1975)

1. **Ejectment § 7; Trespass to Try Title § 2— Marketable Title Act—
   applicability — nonpossessory interests**

   The Real Property Marketable Title Act, G.S. Ch. 47B, applies
   only against nonpossessory interests and does not apply to a claim
   against a party in present, actual and open possession of property.
   G.S. 47B-3(3).

2. **State § 2— title to land — State as party — burden of proof**

   In suits for land in which the State or a State agency is a party,
   the burden of proof is on the party seeking to prove title against the
   State. G.S. 146-79.

3. **Partition §§ 5, 12— 1835 decree of division — ineffectiveness to pass
   title**

   A report of division of the lands of an intestate which ordered
   the heirs of the intestate to execute deeds to each other for the
   respective lands allotted to them, and which was confirmed by the
   court in 1835, did not transfer title from the intestate's heirs to per-
   sons allotted property by the decree since in 1835 an equitable decree
   did not serve to transfer title to the subject matter; therefore, there
   was a missing link in petitioner's chain of title where petitioner
   introduced the report of division allotting the land in question but
   introduced no evidence to show that deeds were ever exchanged by the
   intestate's heirs.

4. **Execution § 13; Trespass to Try Title § 4— sheriff's deed — failure
   to show judgment and execution**

   There was a missing link in plaintiff's chain of title where plain-
   tiff introduced a sheriff's deed but failed to establish the existence
   of the judgment and execution giving the sheriff authority to convey
   the property.

APPEAL by petitioner from *Tillery, Judge.* Judgment en-
tered 16 December 1974 in Superior Court, PAMLICO County.
Heard in the Court of Appeals 2 September 1975.

Petitioner, alleging to be the owner in fee simple, instituted
proceedings pursuant to G.S. Chapter 43 to register title to lands
located in Pamlico County. The North Carolina State Wild-
life Resources Commission answered and asserted title to that
portion of the lands located north of Mouse Harbor Canal.

An examiner of title, appointed pursuant to G.S. 43-11,
ruled in favor of petitioner. The Wildlife Commission appealed,
and the issue of title was tried without a jury in Superior Court.

Petitioner presented evidence, both testimony and documents, in an effort to establish a chain of title from himself running back to a 1798 land grant from the State. Respondent Wildlife Commission offered evidence by testimony and documents in an effort to establish title by adverse possession for seven years under color of title.

The trial court held that the petitioner failed to prove record title to the property north of Mouse Harbor Canal, and that fee simple title had vested in the Wildlife Commission by adverse possession. Petitioner excepted and appealed.

*Henderson, Baxter & Davidson, by David S. Henderson, and Taylor and Marquardt, by Nelson W. Taylor, for petitioner appellant.*

*Attorney General Edmisten, by Assistant Attorney General Roy A. Giles, Jr., for defendant appellees.*

ARNOLD, Judge.

Petitioner attempts to prove title by a connected chain of title to a grant from the state. Though the petition was filed prior to its enactment, petitioner now argues that Chapter 47B, Real Property Marketable Title Act, is applicable.

[1] From the trial court's findings and conclusion, which are fully supported by the evidence, it is evident that the Wildlife Commission was in possession during this proceeding. The Marketable Title Act does not apply because petitioner is asserting claim against a party in present, actual and open possession of the property. G.S. 47B-3(3). The Marketable Title Act applies only against nonpossessory interests.

To prove his claim of record title in fee simple the petitioner undertook to show a connected chain of title by offering the following documents:

(1) Grant No. 602 to John Gray Blount, dated 22 December 1798, recorded in Book 99, page 234, Beaufort County Registry.

(2) "Will of John Gray Blount" (Note: this is a Report of Division and not a will), recorded in the Office of the Clerk of Court, Beaufort County.

(3) Sheriff's deed to William B. Rodman, dated 18 February 1848, recorded in Book 24, page 331, Beaufort County Registry.

(4) Quitclaim deed from William B. Rodman, Jr., et al, to John T. Taylor (petitioner) dated 29 December 1967, recorded in Book 148, page 536, Pamlico County Registry.

[2]   In suits for land in which the State or a State agency is a party the burden of proof is on the party seeking to prove title against the State. G.S. 146-79 provides, "In all controversies and suits for any land to which the State or any State agency or its assigns shall be a party, the title to such lands shall be taken and deemed to be in the State or in the State agency or its assigns until the other party shall show that he has a good and valid title to such lands in himself."

Wildlife Commission contends that there are several missing links in petitioner's purported chain of title. We agree with respondent that petitioner's asserted chain is severed in at least two instances.

[3]   What was labeled "Will of John Gray Blount" was in fact a report of division of the lands of John Gray Blount who died intestate. Grant No. 602 was allotted to Thomas Blount in the report of division. The decree entered by the court ordered the heirs, who were parties to that proceeding, to execute to each other deeds for the respective lands allotted to them. No evidence was introduced to show that any deeds were ever exchanged.

The report of division was confirmed by the court in 1835, and it was not recorded until 1888. The law in effect at the time of confirmation, and not the date of recordation, will control. It is argued by the petitioner that the decree entered by the court in 1835 vested title in Thomas Blount. We disagree.

Early common law courts made equitable decrees applicable in personam against the parties, and never in rem upon the subject matter of a judicial controversy. Pomeroy, Equitable Jurisdiction §§ 135, 1317. An equitable decree was not of itself a legal title, nor did it serve to transfer title to the subject matter. *Proctor v. Ferebee,* 1 Ired. Eq. 143, 36 Am. Dec. 34 (1840) [36 N.C. 143], McIntosh, North Carolina Practice and Procedure § 1736.

Statutes have long since destroyed this doctrine. G.S. 1-227, N. C. Rev. Code c. 32 § 24 (1850), G.S. 1A-1, Rule 70. Nevertheless the doctrine was in effect during 1835 at the time the decree labeled "Will of John Gray Blount" was entered.

The North Carolina Supreme Court in *Proctor v. Ferebee, supra,* applied the doctrine to an equitable decree ordering the sale of lands. The administrator of testator's estate filed a bill in the Court of Equity praying for a sale of the lands belonging to the testator not specifically devised. The court decreed a sale of the land even though testator's heir, Mrs. Elizabeth Ferebee, was not a party to the action.

Defendant Ferebee argued that the court's decree did not affect Mrs. Ferebee's title because she was not a party to the action. The court expressly declined to question the operation of the decree on the interest of Mrs. Ferebee on the ground that she was not a party to suit. The court stated:

" . . . if she had been a party, the decree could not have affected her legal title, for the reason that a decree in equity does not profess and cannot per se divest a title at law, but only obliges a person who has the title and who is mentioned in the decree to convey as therein directed." *Proctor v. Ferebee, supra,* at 146.

[4] The 1835 division did not transfer title from the heirs of John Gray Blount to Thomas H. Blount, therefore the asserted chain of title alleged by the petitioner was broken. At most the report of division left Thomas Blount with an undivided interest which did not aid petitioner. Moreover, petitioner's chain is severed by the 1848 Sheriff's deed which he relied upon to establish his chain of title.

The record discloses no evidence as to the establishment of any judgment or execution thereon except for certain recitals in the deed itself, introduced as one of petitioner's exhibits.

The Sheriff's deed is a vital link in petitioner's chain, and its validity depends upon a live execution in the hands of the sheriff. *Board of Education v. Gallop,* 227 N.C. 599, 44 S.E. 2d 44 (1947); *see Sledge v. Miller,* 249 N.C. 447 at 453, 106 S.E. 2d 868 (1959).

"It is a well established rule that the recitals in a deed executed pursuant to a judicial decree, or by a sheriff upon an execution sale, are evidence of the facts recited, but they are

Boiling Spring Lakes v. Coastal Services Corp.

only secondary evidence, and before being admitted for that purpose the loss or destruction of the original record must be clearly proven." *Thompson v. Lumber Co.,* 168 N.C. 226, 228, 84 S.E. 289 (1915) ; also, *Walston v. Applewhite,* 237 N.C. 419, 424, 75 S.E. 2d 138 (1953).

The burden was on petitioner to establish the existence of the judgment and the execution in order to show that the sheriff in fact had authority to convey the property. Petitioner failed to carry this burden of proof.

If there is one severed link in the purported chain of title then no benefit can accrue from the earlier conveyances and there is a failure to prove record title. *State v. Brooks,* 279 N.C. 45, 53, 181 S.E. 2d 553 (1971) ; *Sledge v. Miller, supra.*

Petitioner failed to show a good and valid title in himself. We need not consider whether title vested in respondent Wildlife Commission by adverse possession under color of title. As a matter of law title "shall be taken and deemed to be" in the Wildlife Commission by virtue of G.S. 146-79. *State v. Brooks, supra.*

The result reached by the trial court is correct, and the judgment is

Affirmed.

Chief Judge BROCK and Judge PARKER concur.