BROWN McCALLUM v. W. D. McCALLUM.

(Filed 5 November, 1914.)

1. Wills—Interpretation—Intent.

While the intent of the testator as contained in the entire instrument is the object to be sought in construing a will, this intent must be gathered primarily from the language used by him, and when he has explained such intent in language that is clear, definite, and plain of meaning, this must be given effect by the courts, and other means of interpretation are not permissible.

2. Wills—Presumptions of Testacy—Interpretation—Intent—Intestacy.

The presumption that a testator did not intend to die intestate as to any of his property does not obtain when a different intent appears from the language used by him in his will; and it is *Held*, that a devise of land for life to the testator's widow and to his daughters remaining unmarried, without further direction or limitation, expresses the testator's intent to provide the daughters a home so long as they remain single, and at their death unmarried and the death of the widow the lands will descend to his heirs at law.

APPEAL by defendant from *Cooke, J.,* at July Term, 1914, of ROBESON.

Proceedings for partition of 240 acres of land in said county, the home place of John McCallum, deceased, heard on transfer from the clerk and on case agreed.

It appeared that John McCallum died in said county in 1863, leaving him surviving a widow, Lovedy, five unmarried daughters and other sons and daughters, some of whom have since died, leaving children; that said John McCallum, in the second clause of his last will and testament, made disposition of this 240 acres, the land in question, as follows:

"2d. I give and bequeath to my beloved wife, Lovedy, the tract of land on which I reside, containing 240 acres, more or less, to have and to hold to her, the said Lovedy, for and during the term of her natural life. My will and desire is that the above mentioned 240 acres of land after the death of my wife Lovedy shall go to the use and possession of all my daughters who are then single or have never been married, to be theirs during the term of their natural life; but if any of the said daughters, namely, those who are single or have never been married, should marry, the one or ones so marrying shall have no interest or claim to or in said land; in other words, my daughters who never marry are to have the use and possession of the above 240 acres of land of my wife, Lovedy, after her (Lovedy's) death, during their (my single daughters') natural life."

That the will disposed of other property, chiefly slaves, to the widow and all his children; that there was no residuary clause in the will and no reference made to this piece of land other than appears in the item quoted; that the widow and unmarried daughters have since died, and

Brown McCallum by devise and inheritance has acquired all the interests in the property except that claimed by defendants; and it is further agreed that if John McCallum died intestate as to the remainder in the land, after the life estate to his widow and daughters, plaintiff is entitled to nine-tenths of the property; and if otherwise, plaintiff is entitled to six-sevenths; the defendants as a class owning the other interests.

The court being of opinion that there was intestacy as to such remainder, gave judgment for plaintiff, and defendants excepted and appealed.

*McIntyre, Lawrence & Proctor for plaintiff.*
*Lennon & Stacy for defendant.*

HOKE, J., after stating the case: It is urged for defendants that inasmuch as the will of John McCallum, in express terms, confers a life estate in the property on the unmarried daughters, this by correct inference should exclude them from any and all participation in the remainder, and that the second item of the will amounts in effect to devise of this remainder to his other children; but in our opinion such an interpretation is not permissible.

It is true, as shown in the authorities cited by the learned counsel, among others, *Austin v. Austin,* 160 N. C., 367, that when a man has made a will, the presumption is that he thereby intended to dispose of his entire property, and that the instrument must be construed in reference to that presumption; but the position is recognized only when the language and meaning of the will is sufficiently indefinite as to permit of construction, and is not allowed to prevail when, from the language used, the meaning is clear and explicit.

In wills, as in the case of deeds and statutes, we must, in the first instance, refer to the language employed, and if this is "free from ambiguity and doubt and expresses plainly, clearly, and distinctly the sense" of the testator *(Allen, J.,* in *Kearney v. Vann,* 154 N. C., 311), there is then no room for construction, and the courts must give effect to the will of the testator as he has seen proper to express it.

The principle was applied in the case of deeds in *Campbell v. Cronly,* 150 N. C., 469; *Wilkins v. Norman,* 139 N. C., 42, and has been frequently stated with approval in cases involving the interpretation of wills. *Whitehead v. Thompson,* 79 N. C., 450; *Foil v. Newsome,* 138 N. C., 115; *Sain v. Baker,* 128 N. C., 256; *Alexander v. Alexander,* 41 N. C., 231. In this last case, speaking to the argument made in behalf of the claimants, "that the testator evidently did not intend to die intestate as to any of his property," *Nash, J.,* delivering the opinion, said: "This may be so, and very likely was, but in seeking for his intention we must not pass by the language he has used. If we do, we shall make the will and not expound it." In our case the testator, in clear and

explicit terms, confers a life estate on his widow, and then on his unmarried daughters, and is silent as to any other or further disposition of the property. His evident purpose was to provide a home for his widow and their daughters while they were single—a desirable and perfectly legitimate disposition of his property (*In re Miller,* 159 N. C., 123), and neither in the item stated nor in any other portion of the will is there any expression authorizing the Court to give the devise another or a different meaning than that the testator has himself clearly expressed.

There is no error, and the judgment of the Superior Court must be

Affirmed.