E. P. BOND ET AL. v. VICTOR McA. BOND ET AL.

(Filed 2 November, 1927.)

**Estates—Contingent Remainders—Happening of Event—Vested Estates —Sales—Reinvestment.**

Where the testator devises lands for life to a certain of his nephews by name, with limitation over to the first female child who may be born to him if named for the testator, with certain further contingent limitations on the non-happening of the first contingency, upon the birth of the female child and its being named for the testator according to the terms of the will, the remainder becomes certain as to the beneficiary designated, and becomes vested and is descendible to the heirs at law of such beneficiary: *Held further*, as to the right to have the lands so devised sold for reinvestment. See *McLean v. Caldwell*, 178 N. C., 424.

APPEAL by defendants from *Bond, J.*, at September Term, 1927, of ROBESON.

Controversy without action for construction of the will of Fannie Bond Peterson. The second item follows: "I give and devise to my nephew, Eugene Bond, son of R. S. Bond, my house and lot in the town of Lumberton, the same being all the real estate I now own, to be his

BOND *v.* BOND.

during the term of his natural life, and after his death to his oldest daughter, if he shall have one, who shall be named for me, and if he shall have no daughter, then to his oldest son; and if he should die without issue, then I give and devise said property to Victor Bond, son of R. S. Bond, for and during the term of his life, and after his death to the oldest lawful child of the said Victor Bond, who may be living at the time of his death; and if the said Victor Bond should die without lawful issue, then I give and devise the property to Allen Bond, another son of my brother, R. S. Bond, and to his lawful heirs."

Upon the agreed facts it was adjudged that Fannie Bond, infant, took a vested remainder in the land described in item 2; that upon her death her interest descended to the plaintiffs, E. P. Bond, Jr., R. S. Bond, Jr., and William E. Bond, her surviving brothers, and that the title to the property and to the funds set out in paragraph 8 of the agreed facts ($16,300) is now vested in them subject to the life estate of their father, and that the rents shall go to E. P. Bond during his life, and thereafter to the brothers named above. Exception and appeal by defendants. Affirmed.

*Dickson McLean and H. E. Stacy for plaintiffs.*
*J. G. McCormick for defendants.*

ADAMS, J. The controversy is to be determined by the interpretation of the second item of the will. If Fannie Bond, who was born 14 September, 1926, acquired a vested remainder under this item there is no error in the judgment. The right of sale for reinvestment was settled in *McLean v. Caldwell,* 178 N. C., 424.

Fearne says: "Wherever the preceding estate is limited so as to determine on an event which certainly must happen, and the remainder is so limited to a person *in esse,* and ascertained, that the preceding estate may, by any means, determine before the expiration of the estate limited in remainder, such remainder is vested. On the contrary, wherever the preceding estate is limited so as to determine only on an event which is uncertain and may never happen, or wherever the remainder is limited to a person not *in esse,* or not ascertained, or wherever it is limited so as to require the concurrence of some dubious, uncertain event, independent of the determination of the preceding estate and duration of the estate limited in remainder, to give it a capacity of taking effect, then the remainder is contingent." Fearne on Remainders, Vol. 1, pp. 216, 217. When the remainder is given to a person not in being the preceding estate is not limited by an event which certainly must happen. At the time the will was made it was uncertain whether the life tenant

would be the father of a daughter who should be named for the testatrix, and for this reason the remainder was then contingent; but when the daughter was born and named the remainder *eo instanti* became vested. The devise is, "After his death to his oldest daughter, if he shall have one, who shall be named for me." Fannie was his only daughter, and necessarily he could have none older. "If A. be a tenant for life with remainder to B.'s eldest son (then unborn) in tail; this is a contingent remainder, for it is uncertain whether B. will have a son or no; but the instant that a son is born, the remainder is no longer contingent, but vested." 2 Bl., 169. See 23 R. C. L., 499, sec. 30. The infant by reason of her vested estate had such seizin in the land as was necessary to make her interest descendible to her heirs. *Early v. Early,* 134 N. C., 258; *Tyndall v. Tyndall,* 186 N. C., 272. There is a discussion of the subject with citation of authorities in *Power Co. v. Haywood,* 186 N. C., 313. The judgment is

Affirmed.