ARTHUR BURCHAM and W. E. BURCHAM, v. MOLLIE (MRS. W. J.) BURCHAM, INDIVIDUALLY AND AS ADMINISTRATRIX OF W. J. BURCHAM; COLLIE DARNELL and DANIEL CREED.

(Filed 26 March, 1941.)

**1. Wills § 33f—**

The will in this case *is held* to unequivocally express the intent of the testator that the whole of testator's property be put to the use of his widow during her lifetime or widowhood, without any limitations upon the purposes. manner or extent of that use, so as to necessarily imply a power of disposition, although the instrument fails to so devise the property *in ipsissimis verbis.*

**2. Wills § 33a—**

A devise or bequest by implication should not be presumed except upon cogent reasoning and in order to carry out the intent of the testator categorically appearing from the language used construed as a whole.

APPEAL by plaintiffs from *Rousseau, J.,* at September Term, 1940, of SURRY. Modified and affirmed.

*Ottis J. Reynolds, Wilson Barber,* and *H. O. Woltz* for *plaintiffs, appellants.*
*Parks Hampton* and *Folger & Folger* for *defendants, appellees.*
*W. M. Allen* and *Hoke F. Henderson* for *Collie Darnell, appellee.*

SEAWELL, J. This is a proceeding brought under the Declaratory Judgment Act to determine the rights of the parties with respect to the will of W. J. Burcham, deceased.

The will is as follows:

"Elkin, N. C., Feb. 22, 1928—
"I make my will as Folows—
"Secion 1 to Elvin Burcham I will one dollar—
  Arthur Burcham I will one Dollar.
  Callie Darnell I will One Dollar—
"Secion two.
"to Mollie Burcham I will Her Suport As Long as She Remains my widow if She maries then she is not to have any mor Suport From my Estate But if She Does not Mary She must have any thing She Wants as long as he Lives. And Stay any where She wants to. I want Moll to Have a good time as Land as he Lives and not Work go Places and have a good time the Remainder of Her Life if there is any Surplus Moneny Left after the Death of Mollie it must Bee Put in a Safe Place to keep the property in good shape.

"Secion Three—

"After the Death of Mollie the Taxes and Insurance must Bee paid on the Property After that ½ One Haf of the Remainder Mus Bee Kept to keep the property in good Repair each year and the other half bee divided as Folows Which would Bee one Fourth to Callie Darnell One Fourth as long as she lives Dannie Creed One Fourth as Land as He Lives

"At the death of either it Will go in Secion Four and when the other Dies then then Theirs goes in Secion Four

"Secion Four

"After the Death of the Above is Dead I will to Jonesville and Pleasanthill Semiteries. to Keep them up and to a Monument to Papa & Mothers Grave and if Jonesville move the church to the Semitary to Help Build the New One.

                                    "W. J. Burcham    (Seal)"

The plaintiffs contend that the effect of this will is to create a trust estate out of which testator's wife and beneficiary shall receive support according to the terms of the will for her natural life, with condition that such support shall terminate upon her remarriage; that, therefore, regardless of the other provisions of the will, the plaintiffs have a fee simple estate by inheritance, subject to a charge upon the said estate for the support of Mollie Burcham, and subject to such valid distribution of the personal property as might be made under the will.

The defendants contend that, upon a proper interpretation of the will, Mollie Burcham is seized of a determinable fee in the whole property, subject to termination upon her remarriage, and that the plaintiffs have no interest therein. On perusal of the will and consideration of these contentions the trial judge entered a judgment favorable to the view taken by the defendants and plaintiffs appealed.

The main controversy is over the construction of section 2 of the will: ". . . to Mollie Burcham I will her Suport as Long as She Remains my widow if She maries then she is not to have any mor Suport From my Estate But if She Does not Mary She must have any thing She Wants as long as he Lives. and Stay any where She wants to. I want Moll to Have a good time as Land as he Lives and not Work go Places and have a good time the Remainder of Her Life" . . . While the language used is "I will her support," this expression is so qualified by the accompanying expressions of the testator's desire as to lead to the inference that he intended the entire property to be used for the benefit of Mollie Burcham, if she so desired, and at her will and pleasure. This conviction is so strong that we think it necessarily implies that the testator intended for her to have the disposition of the property for that

purpose during her natural life or widowhood. Reading the whole Will, we think it is reasonably clear that the testator intended other beneficiaries named in the will to take only upon the condition that there might be property left undisposed of at the death of Mollie Burcham, or upon her remarriage, when power of disposition should cease.

While a devise or bequest by implication should not be presumed except upon cogent reasoning and where necessary to carry out the intent of the testator, the doctrine is well established in the law. *Kerr v. Girdwood,* 138 N. C., 473, 50 S. E., 852, 107 American State Reports, 551; *Ferrand v. Jones,* 37 N. C., 633; *Charter v. Charter,* 22 Hawaii, 34, 38; *Bell v. Dukes,* 158 Miss., 563, 130 S., 734; *McCoury's Executors v. Leek,* 14 N. J. Equity, 70.

In this instance the sweeping expressions as to the uses to which the property may be put strongly implies, as a necessity to such use, the accompanying power of disposition. *Parker v. Tootal,* 11 H. S. Cas., 143, 161. "If a reading of the whole will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed by express and formal words, the court may supply the defect by implication, and so mould the language of the testator as to carry into effect, so far as possible, the intention which it is of opinion that he has on the whole will sufficiently declared." 1 Underhill on Wills, section 463.

It is generally held that a devise of the use, income, rents, profits, etc., of property, amounts to a devise of the property itself, and will pass the fee unless the will shows an intent to pass an estate of lesser duration. 19 Am. Jur., p. 484, section 24, and note; *Schwren v. Falls,* 170 N. C., 251, 87 S. E., 49. While here the use of the property has not been devised *in ipsissimis verbis,* we think the effect of the will and the intention of the testator is to put the whole property to the use of Mollie Burcham during her lifetime or widowhood without any limitation upon the purposes, manner, or extent of that use, in such a way as to necessarily imply the power of disposition.

The judgment of the court below is consistent with this view, but there is some inconsistency in designating the character of the estate taken by Mollie Burcham, since at one time it is declared to be a defeasible fee and at another an estate for life, with power of disposition. In that respect the judgment must be modified to conform to this opinion.

Modified and affirmed.