Civil action to remove cloud upon title.
Plaintiff alleges that on 15 May, 1905, his father, by deed of gift, conveyed to plaintiff's brother, Gaither B. Ferguson, a 300-acre tract of land in Haywood County; that the latter sold 40 acres of it during his lifetime, and died intestate as to the remainder on 24 November, 1941; that the deceased left him surviving no lineal descendants, and that the plaintiff is a collateral heir of his brother and has acquired by assignment the interest of all the other collateral heirs and is entitled to the immediate possession of the land. Additionally, the plaintiff alleges that on 3 August, 1937, Gaither B. Ferguson executed and delivered to his wife, Dollie Ferguson, a deed of gift purporting to convey to her the 260 acres or the remainder of the 300-acre tract, but that the same was not registered until after the death of the donor, and that this deed, while void, constitutes a cloud on plaintiff's title; wherefore he asks that it be so declared and removed as a cloud agreeably to the provisions of G.S., 41-10.
The defendant admitted the relationship of the parties as alleged in the complaint, but claimed title to the land under the deed from her husband, dated 3 August, 1937, which recites a "consideration of $10.00 to him paid by Dollie Ferguson"; and further that if this deed be void, as alleged by the plaintiff, which is denied, the defendant claims sole ownership of the land and the right to continue in possession thereof under the second item in the will of her deceased husband.
The trial court held the deed of 3 August, 1937, from Gaither B. Ferguson to Dollie Ferguson to be a deed of gift and therefore void as it was not registered within two years after its making. It was further held, however, that title to the land vested in the defendant under her husband's will, and judgment of nonsuit was thereupon entered at the close of all the evidence.
From this ruling, the plaintiff appeals, assigning errors.
It is conceded that both parties claim title to the land in question under Gaither B. Ferguson; the plaintiff by descent and *Page 377 
assignment; the defendant by deed and devise. Prior ownership of the land, therefore, by Gaither B. Ferguson may be taken as a "fixed fact" so far as the present action is concerned. Newlin v. Osborne, 47 N.C. 164; Stewartv. Cary, 220 N.C. 214, 17 S.E.2d 29, 144 A.L.R., 1287.
The trial court was of opinion that the deed of 3 August, 1937, from Gaither B. Ferguson to Dollie Ferguson appeared on its face to be a deed of gift, Reeves v. Miller, 209 N.C. 362, 183 S.E. 294, and held it to be void because not registered within two years after its making as required by G.S., 47-26. This ruling is not challenged by either party. It accords with the plaintiff's view, and the defendant is not appealing. See Winsteadv. Woolard, 223 N.C. 814, 28 S.E.2d 507.
The question then arose and the case was made to turn on whether Gaither B. Ferguson devised the land to his wife under the following clause in his will:
"Second: I will, devise and bequeath to my beloved wife all my personal property, horses, cattle, sheep, hogs, and all farming tools of all kinds, engines, automobiles, wagons and all moneys, notes, mortgages, in fact, everything that I possess."
It is the contention of the plaintiff that only personal property passed under this provision; that the operation of the words "everything that I possess" is restrained by the language with which they are associated, and that the testator died intestate as to his land. Brawley v. Collins,88 N.C. 605; McCallum v. McCallum, 167 N.C. 310, 83 S.E. 250; Capehart v.Burrus, 122 N.C. 119, 29 S.E. 97; S. c. (on rehearing), 124 N.C. 48,32 S.E. 378; Alexander v. Alexander, 41 N.C. 229. The trial court held otherwise, and the appeal presents for review the correctness of this ruling.
In searching for the intent of the testator, as expressed in the language used by him, we start with the presumption that one who makes a will is of disposing mind and memory and does not intend to die intestate as to any part of his property. Holland v. Smith, 224 N.C. 255,29 S.E.2d 888; Gordon v. Ehringhaus, 190 N.C. 147, 129 S.E. 187; Case v.Biberstein, 207 N.C. 514, 177 S.E. 802; Foust v. Ireland, 46 N.C. 184. "There is always a presumption that a testator did not intend to die partially testate and partially intestate." McCullen v. Daughtry,190 N.C. 215, 129 S.E. 611. Testacy presupposes no intestacy. Reeves v.Reeves, 16 N.C. 386. "The rule, ut res magis valeat quam pereat, comes in aid of the general presumption, that one who makes a will intends to dispose of all of his property." Boyd v. Latham, 44 N.C. 365.
Even where a will is reasonably susceptible of two constructions, the one favorable to complete testacy, the other consistent with partial *Page 378 
intestacy, in application of the presumption, the former construction will be adopted and the latter rejected. Holmes v. York, 203 N.C. 709,166 S.E. 889; Morris v. Waggoner, 209 N.C. 183, 183 S.E. 353. This does not mean, however, that one must choose between a will or no will. A testator may elect to dispose of part of his property by will, and leave the remainder for disposition as in case of intestacy. Kidder v. Bailey,187 N.C. 505, 122 S.E. 22; McCallum v. McCallum, supra; Galloway v. Carter,100 N.C. 111, 5 S.E. 4. The intention of the testator is the paramount consideration in the construction of his will. Heyer v. Bulluck,210 N.C. 321, 186 S.E. 356. All rules of construction, therefore, are in aid of discovering the testator's intent, and effectuating it, unless it be contrary to some rule of law or at variance with public policy. Jolley v.Humphries, 204 N.C. 672, 167 S.E. 417; Ellington v. Trust Co.,196 N.C. 755, 147 S.E. 286.
In addition to this presumption against partial intestacy, there is nothing in item two of the testator's will to restrict or to limit the property passing thereunder to personal property or to property of a like nature with that designated. Case v. Biberstein, supra; Wilce v. Wilce, 7 Bing., 664; Anno. 128 A.L.R., 822. The rule of ejusdem generis is not generally applied to the residuary clause in a will or to what amounts to a residuary clause, for to do so would usually result in a partial intestacy, and as stated above, the presumption of law is against such intention.Gordon v. Ehringhaus, supra; Faison v. Middleton, 171 N.C. 170,88 S.E. 141; Anno. Cas. 1917-E 72; In re Champion, 45 N.C. 246; Anno. 128 A.L.R., 825. "The law does not favor a condition of intestacy, and we should be slow to adopt a construction leading to such result." Crouse v. Barham, 174 N.C. 460, 93 S.E. 979. See, also,Allen v. Cameron, 181 N.C. 120; Powell v. Woodcock, 149 N.C. 235,62 S.E. 1071; Harper v. Harper, 148 N.C. 453, 62 S.E. 553; Austin v.Austin, 160 N.C. 367, 76 S.E. 272.
It may be noted that the testator uses the word "devise" which usually signifies a gift of real property by will, though it may be extended to embrace personal property where so intended by the testator. McCorkle v.Sherrill, 41 N.C. 173. In the instant case, the testator also uses the word "bequeath," which aptly applies to a gift of personal property by will. Then, as if to make assurance doubly sure, he concludes with the words, "in fact, everything that I possess." This language is broad enough to cover both realty and personalty. Hollowell v. Manly, 179 N.C. 262,102 S.E. 386; Chamberlain v. Owings, 30 Md. 447.
The terms employed by a testator to dispose of his property are to be given their well-known legal or technical meaning, unless it appear from the will itself that they were used in some other permissible sense. *Page 379 Whitley v. Arenson, 219 N.C. 121, 12 S.E.2d 906; Goode v. Hearne,180 N.C. 475, 105 S.E. 5; May v. Lewis, 132 N.C. 115, 43 S.E. 550;Grandy v. Sawyer, 62 N.C. S. So, here, if we ascribe to the words used by the testator their usual signification, they seem quite sufficient to pass the land as well as the personal property. Pate v. Lumber Co., 165 N.C. 184,81 S.E. 132; Jones v. Myatt, 153 N.C. 225, 69 S.E. 135; Foil v.Newsome, 138 N.C. 115, 50 S.E. 597; Page v. Foust, 89 N.C. 447.
The Chancery Court of New Jersey in Tzeses v. Tenez Const. Co.,95 N.J. Eq. 145, 122 A. 371, held that the words "all I have in clothes, money, jewelry, in fact all I have" were sufficient to carry the testator's real estate. See I Page on Wills (2d Ed.), sec. 834.
In Harrell v. Hoskins, 19 N.C. 479, Gaston, J., speaking for the Court, said: "The words `all my property,' unless they are explained by other words in the will to have a different meaning, embrace every subject of property and every interest therein which belonged to the testator." "Everything that I possess" would seem to be the full equivalent of "all my property."
The plaintiff concedes that the dispositive and descriptive words in item two of the will, unless restricted by the context or by the circumstances surrounding the testator at the time, are sufficient to pass the land. The testator executed a deed of gift to his wife for the land on the same day that he made his will. The parties draw opposite conclusions from this circumstance. The plaintiff says the testator owned no land at the time of the execution of his will, and hence he could not have had the land in mind. The defendant says the clear intent of her husband was to give her the property, if not by his deed, then by his will. The all-inclusive expression "everything that I possess" would embrace all of testator's property, however acquired. The will speaks as of the date of the death of the testator, and any property acquired after its making, by reversion or otherwise, would be subject to its terms. G.S., 31-41; Faisonv. Middleton, supra; Brown v. Hamilton, 135 N.C. 10, 47 S.E. 128; In reChampion, 45 N.C. 246.
We conclude that the trial court properly construed the will as sufficient to pass the real estate. This defeats the plaintiff's action.
Affirmed. *Page 380