KINGSLAND VAN WINKLE AND THOMAS J. HARKINS, AS TRUSTEES UNDER THE WILL OF WILLIAM H. BERGER, DECEASED, v. LAURA R. BERGER, BERTHA B. LINNELL, ALLYNE N. BEARDSLEY, WILLIAM B. NICHOLS, DOROTHY N. MEREDITH, ARCHIE NICHOLS, THE TRUSTEES, ELDERS AND DEACONS OF ST. JOHNS REFORMED CHURCH AT MAUSDALE, PENNSYLVANIA: REBECCA APPLEMAN, ALICE A. ROBINSON,, OTHERWISE MRS. WILLIAM ROBINSON, MARY DINEEN, MRS. JESSE MARSHALL, OTHERWISE JESSIE MARSHALL, VIRGINIA ANDREWS, OTHERWISE MRS. ERNEST F. ANDREWS, JUNE SAVIDGE, MRS. FRED W. DIEHL, OTHERWISE PEARLE DIEHL, ANNIE PICKARD, MAMIE PICKARD, JANNETTE PICKARD, REVEREND RUSSELL A. PAVY, REVEREND ERNEST F. ANDREWS, PASTOR OF SHILOH EVANGELICAL AND REFORMED CHURCH OF DANVILLE, PENNSYLVANIA, THE ELDERS. DEACONS AND TRUSTEES OF SHILOH EVANGELICAL AND REFORMED CHURCH OF DANVILLE, PENNSYLVANIA, FRED W. DIEHL AND FRED W. DIEHL, AS EXECUTOR OF THE LAST WILL OF ELLA B. BUCHANAN, DECEASED.

(Filed 25 February, 1948.)

## 1. Wills § 34—

Where a clause disposes of property to named beneficiaries "and their respective heirs and assigns," the term "heirs and assigns" is descriptive of the estate conveyed and does not set up an independent class of legatees so as to carry the estate to persons designated by will of a beneficiary.

## 2. Wills § 33c—

Where a will sets up a trust with provision that the income therefrom be divided among named beneficiaries for life and the *corpus* proportionately to their issue upon their deaths, with further provision that if a beneficiary should die without issue, this share of the *corpus* should become a part of, and be distributed in accordance with, the residuary

473

clause. *held*, the person entitled to each share of the *corpus* is contingent upon whether each of the life beneficiaries dies with or without issue her surviving, and therefore the will sets up a contingent and not a vested limitation, and the roll must be called as to each share of the *corpus* as of the death of its life beneficiary.. G. S., 41-4.

#### 3. Wills § 32—

The rule against intestacy is merely one of construction to be applied where the phraseology is ambiguous or the intent uncertain, and the fact that a particular series of contingencies might result in partial intestacy does not render the provisions of the will invalid or justify the court in construing the language contrary to its plain and unambiguous meaning.

#### 4. Wills § 34—

The will in suit set up a trust fund with provision that the income be divided among named beneficiaries during their respective lives and the proportionate part of the *corpus* to go to the issue of each beneficiary upon her death, with further provision that should a beneficiary die without issue the proportionate part of the trust fund should become a part of, and be distributed in accordance with, the residuary clause. The life beneficiaries of the trust fund were also named as distributees in the residuary clause. *Held:* Upon the death of one of the life beneficiaries of the trust without issue, her estate takes no interest under the residuary clause and her attempted disposition of such property by will is ineffectual.

DEFENDANTS Fred W. Diehl and Fred W. Diehl, Executor of Ella Buchanan, Deceased, appeal from *Shuford, J.,* November, 1947, Civil Term, BUNCOMBE Superior Court.

This action was brought by Kingsland Van Winkle and Thomas J. Harkins, as Trustees under the will of William H. Berger, making various persons in interest parties defendant, to have the will judicially construed respecting certain clauses and items in controversy. Among the parties defendant are Fred W. Diehl, individually, and as executor of the will of Ella Buchanan, deceased, a daughter of the testator and a beneficiary under the Berger will.

The controversy is over the fifth and sixth articles of the will, which are as follows:

"Fifth: I order and direct my Executors hereinafter named to set apart, out of my estate, the sum of Ninety Thousand Dollars ($90,000.00) either in cash derived from the sale of my securities or in securities to the amount of Ninety Thousand Dollars ($90,000.00) of which I may be possessed at the time of my decease, as they in sole judgment may decide, and to hold said sum and securities, IN TRUST, nevertheless, for the following uses and purposes, to wit, to invest the same, if uninvested, and keep the same invested, and to pay, semi-annually, May 15th and November 15th, the net income derived therefrom, in equal shares or parts, to my three daughters,

ELLA BUCHANAN, BERTHA LINNELL and ELIZABETH NICHOLS, for and during the term of their respective natural lives, free and clear of their respective debts, contracts, engagements, alienations, and anticipations, and free and clear of all levies, attachments, executions and sequestrations, and each of my three children shall receive the income from her share of said fund during the term of her natural life, and upon the death of any of them, leaving issue at the time of her death, such issue shall take and receive in equal shares or parts the principal of the share of the deceased parent in said TRUST FUND: but upon the death of any of my three children, leaving no such issue, the principal of her share in said TRUST FUND shall be added to, be and become a part of my residuary estate, and be distributed as such. Should any of my three children predecease me, leaving issue at the time of my death, such issue shall take and receive the share of said Trust Fund which would have been received by the parent surviving me.

SIXTH: All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever character and wheresoever situate, I give, devise and bequeath as follows: One-third (⅓) part thereof unto my beloved wife, LAURA R. BERGER, absolutely and forever; one sixth (⅙) part thereof unto my daughter ELLA BUCHANAN: one-third (⅓) part thereof unto my daughter, BERTHA LINNELL; one sixth (⅙) part thereof to my daughter, ELIZABETH NICHOLS, their respective heirs and assigns, absolutely and forever."

Of the beneficiaries named in these articles, Laura B. Berger, the widow, and Bertha B. Linnell, daughter, survive. Elizabeth B. Nichols died 24 September, 1940, leaving children surviving her; and Ella B. Buchanan, a resident of Pennsylvania, died 5 February, 1940, without issue, leaving a last will and testament which purports to dispose of all her property, principally by charitable devises and bequests. A bequest was made to Fred W. Diehl, who was made executor of this will. The will was properly manifested and introduced in evidence.

On the death of William H. Berger, Kingsland Van Winkle and Thomas H. Harkins, Trustees under the Berger will, went into administration of the trust. After the death of Elizabeth Nichols the proportionate part of the trust fund put to her lifetime use was distributed to her children, as provided in the will, leaving in the trust fund for the benefit of Ella B. Buchanan and Bertha B. Linnell, $60,721.38 in cash and securities.

The executor of the will of Ella Buchanan and claimants thereunder contended that they were now entitled, under her will, to a proportionate share of the one-third of the *corpus* of the trust fund theretofore put to

her use, which passed to the *residuum* at her death. The plaintiff trustees contended that any interest she had in the trust fund terminated with her death.

The trial judge, by consent of parties, heard the evidence and argument without a jury, found the facts, and rendered judgment, construing the controverted portion of the will, and ordering distribution of the disputed fund as follows:

"The Court is of the opinion and so holds that, construing and interpreting the Will of William H. Berger from the language of the instrument as a whole, to ascertain and arrive at the intention of the testator, and applying the rules of construction laid down and announced by the Courts that Ella B. Buchanan took an estate for her natural life with the contingent remainder upon her death to her issue, but if she died leaving no such issue, her share of the principal of the trust fund should go to the residuary legatees named in the Sixth Item of the Will of William H. Berger; that the roll should be called as of the death of Ella B. Buchanan to determine among what parties the residuary estate of William H. Berger should be distributed; and that Ella B. Buchanan being then dead, the principal of the fund now in the hands of the trustees and formerly held for the benefit of Ella B. Buchanan, should be distributed: two-fifths to Laura R. Berger, two-fifths to Bertha B. Linnell, and one-fifth among the four children of Elizabeth B. Nichols, equally. The Court being of the opinion that Ella B. Buchanan at her death had no interest in the residuary estate of William H. Berger which she could dispose of by her Last Will and Testament.

"It Is, THEREFORE, ORDERED, ADJUDGED AND DECREED that Kingsland Van Winkle and Thomas J. Harkins, Trustees under the Last Will and Testament of William H. Berger, make distribution of the principal of the fund in their possession formerly held for the benefit of Ella B. Buchanan, together with all interest from said fund accumulated since February 5, 1947, as follows: two-fifths to Laura R. Berger, two-fifths to Bertha B. Linnell, and one-fifth among the four children of Elizabeth Nichols equally.

"It Is FURTHER ORDERED, ADJUDGED AND DECREED that the Trustees aforesaid pay to Fred W. Diehl, as Executor of the Will of Ella B. Buchanan, the interest on the fund formerly held for the benefit of Ella B. Buchanan from November 15, 1946, the date of the last distribution, to February 5, 1947, the date of the death of Ella B. Buchanan.

"It Is FURTHER ORDERED, ADJUDGED AND DECREED that this distribution be made as of the value of the fund as nearly as possible on the actual date of distribution or as near such date as possible."

The trustees were allowed attorneys' fees in the sum of $1,500 in this proceeding and costs were awarded out of the fund still held for the benefit of Ella B. Buchanan.

From this judgment Fred W. Diehl, individually, and as executor of the will of Ella B. Buchanan, appealed.

*Harkins, Van Winkle & Walton for plaintiffs, appellees.*
*S. G. Bernard for defendants, appellants.*

SEAWELL, J. The crux of the question posed by this appeal is whether, upon the above facts, Ella Buchanan had any vested and disposable interest in the principal of the trust fund which passed into the residuary estate upon her death without issue.

Without fully stating the arguments, the construction of the Berger will offered by the appellants in support of the affirmative presents the following rationale:

Under Article 5 of the will dealing with the disposition of the *corpus* of the trust fund, the proportionate part thereof the income of which was payable to Ella Buchanan during her natural life, is transferred to the residuary estate upon her death without issue "to be and become a part of my residuary estate and be distributed as such." The residuary clause—Section 6, it is pointed out, creates an unqualified estate in the beneficiaries named therein, one of whom is Ella Buchanan, in fee as to real estate, absolute as to personalty. The conclusion is reached that since Ella Buchanan is one of these named beneficiaries, distribution must be made to her "assigns," meaning the successors to her estate by virtue of her own testamentary disposition. We do not understand the appellants to claim that the residuary clause of the Berger will *directly* bequeaths this item to them as "assigns" of her will. At any rate, the term "heirs and assigns" as used in the residuary clause of the Berger will must be understood as descriptive of the estate conveyed, and not as setting up an independent class of legatees. *Fulton v. Waddell,* 191 N. C., 688, 132 S. E., 669; *Dicks v. Young,* 181 N. C., 448, 107 S. E., 220; *Ham v. Ham,* 168 N. C., 492, 84 S. E., 840; see *Threadgill v. Ingram,* 23 N. C., 577.

The theory above suggested might have more plausibility if the fund in dispute had come under the disposing provisions of the residuary clause in some other way, or at some other time, while Ella Buchanan was still living to claim it; and, further, under conditions which did not render her succession wholly contingent.

The answer to our problem lies in the nature of the contingency upon the happening of which the partial termination of the trust takes place,

and the designated part of its principal, or *corpus,* is thrown into the residuary estate.

That event is to be regarded as the termination of a particular estate, that of the trustees, and also the disappointment of an intervening estate, contingently limited to the issue, if any, of Ella Buchanan. The death of Ella, involved in the contingency, is not merely an event, but a condition to be consummated before the principal should lose its character as a particular legacy and become part of the residuary estate.

The chronology, if we may use that term, contemplated in the will, *the time element,* is a vital consideration in its construction. That Ella Buchanan could take an interest in the will virtually created by the contingency of her own death, involves a formidable legal paradox which appellants seem to circle but not surmount.

Ninety thousand dollars was separated from the estate and put into a trust fund, dealt with *in particularis,* and made the subject of an intervening contingent bequest. Both in point of law and under the expressed phraseology of the will it was not then a part of the residuary estate, the subject of disposition under Article 6. As a matter of law it could not be in the trust fund and under obligation to a particular legacy, however contingent, and in the residuary estate at the same time; and we find no suggestion of an intent that its inclusion in that category was, or could be, retroactive. *At that time only was the residuary clause activated and clothed with testamentary authority with respect to the distribution of this fund.* G. S., 41-4; *Bowen v. Hackney,* 136 N. C., 187, 48 S. E., 633; *Burden v. Lipsitz,* 166 N. C., 523, 86 S. E., 863; *Harrell v. Hagan,* 147 N. C., 111, 60 S. E., 909; *Sain v. Baker,* 128 N. C., 256, 38 S. E., 858; *Sutton v. Quinerly, ante,* 106. Or, to put it more bluntly, it came under the operation of the residuary clause at a time when Ella Buchanan must be, and was dead and unable to take.

It is true, of course, that the intervention of a trust does not necessarily postpone the title or prevent the vesting of an interest where the person who must ultimately take is certain; although it may postpone enjoyment. That was the situation in *Coddington v. Stone,* 217 N. C., 714, 719, 9 S. E. (2d), 420, but not here. It is the contingent disposition of the *corpus* of the trust and the nature of that contingency with which we are dealing. And here the contingency renders the ultimate taker . uncertain.

If we could dismiss the ever-haunting paradox to which we have referred, it still remains that the passing of the *corpus* of the trust fund into the residuary estate is itself a contingency depending upon the failure of issue, to whom it is first limited, and is, therefore, a contingency involving uncertainty of the beneficiaries, and no interest could vest in Ella Buchanan under such contingency. *Redden v. Toms,* 211

N. C., 312, 190 S. E., 490; *Deal v. Trust Co.,* 218 N. C., 483, 11 S. E. (2d), 464; *Bond v. Bond,* 194 N. C., 448, 139 S. E., 340; *Scales v. Barringer,* 192 N. C., 94, 133 S. E., 410; *Mercer v. Downs,* 191 N. C., 203, 131 S. E., 535; *Richardson v. Richardson,* 152 N. C., 705, 68 S. E., 217; *Latham v. Lumber Co.,* 139 N. C., 9, 51 S. E., 780; Fearne on Remainders, Vol. 1, pp. 216, 217; 3 Page on Wills, pp. 729, 730; *Id.,* 741, 742.

The case is not without its difficulties and the appellants' side not without its plausibilities. For instance, if the three daughters named in the will had successively died without issue, we might arrive at the legally unwelcome condition of partial intestacy. The rule against intestacy, however, is merely one of construction to be applied where the phraseology is ambiguous or the intent is uncertain. A man is not required to visualize all changes and contingencies near or remote, trivial or important, which might come about during a considerable period of time following his demise and meticulously provide against intestacy in order to make a valid will; nor may the Court, by the exercise of a hindsight better than his foresight, improve upon the testamentary disposition. Partial intestacy following the setting up and administration of a long-continuing active trust is not infrequent.

We think the court below reached the correct conclusion and the judgment is

Affirmed.