WENDY BETTS, ANGIE BETTS, BY AND THROUGH THEIR GUARDIAN AD LITEM, SANDRA BETTS PARKER AND KENNETH WAYNE O'NEIL v. MARGARET PARRISH, ADMINISTRATRIX CTA OF THE ESTATE OF RUSSELL W. SANDERFORD, RUBY WILSON ELLIS, AND MILDRED S. POLLARD

No. 8210SC525

(Filed 3 May 1983)

Wills § 66— will construction—contingency not happening

Where testator's will devised his real property to his mother for her lifetime and after her death to his wife in fee simple, the will provided that should his mother predecease testator, his real property should go to his wife in fee simple, the will further provided that should his mother and wife both predecease testator, his property should go to two nieces and a nephew, testator's wife predeceased him, and testator and his wife died without issue, the remainder interest in testator's real property did not pass to testator's nieces and nephew under the will but passed to testator's mother by intestate succession. G.S. 31-42(c)(1)b; G.S. 29-15(3).

Judge WHICHARD dissenting.

APPEAL by defendants from *Godwin, Judge.* Judgment entered 24 March 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 12 April 1983.

This is an action for a declaratory judgment construing the will of Russell W. Sanderford. Mr. Sanderford's will provided in part as follows:

### ITEM TWO

I will and bequeath all of my personal property in equal shares to my wife, Mamie Prince Sanderford, and my mother, Ruby Wilson Ellis; provided that if either should predecease me then the survivor shall receive all of said personal property.

### ITEM THREE

I will and devise my house at 134 Maywood Avenue, Raleigh, N.C., and all other real estate that I own to my mother for her lifetime and after her death to my wife, Mamie Prince Sanderford, in fee simple. Should my mother predecease me, then I will and devise said real estate to my wife, Mamie Prince Sanderford, in fee simple.

### ITEM FOUR

If my mother and my wife should both predecease me, then I will, devise and bequeath all of my property, real, personal and mixed in equal shares to my nieces and nephew as follows:

One-third interest to Wendy Betts

One-third interest to Angie Betts

One-third interest to Kenneth Wayne O'Neil

The testator's wife predeceased him. He was survived by his mother, defendant Ruby Wilson Ellis, and by his nieces and nephew named in Item Four of his will.

The superior court concluded that the remainder interest in the house and lot at 134 Maywood Avenue lapsed upon the death of the testator's wife, and was devised by Item Four of the will to plaintiffs as tenants in common. It entered judgment declaring that the will devised a life estate to testator's mother and the remainder in fee to plaintiffs.

Defendants appealed.

*Moore, Ragsdale, Liggett, Ray and Foley, by John N. Hutson, Jr., for plaintiff appellees.*

*Kimzey, Smith and McMillan, by Duncan A. McMillan, for defendant appellants.*

WEBB, Judge.

We do not believe the will of Mr. Sanderford is ambiguous. Item Four provides that in the event his wife and mother should both predecease him, his estate would go to the plaintiffs. This contingency did not happen. It may be that the testator wanted the plaintiffs to have a remainder interest in his house and lot under the contingency that occurred, but he did not say so in his will. We are required to discern the intention of the testator from the plain language of the will. According to this language, the plaintiffs do not take any interest in the house and lot.

The canons of construction which the appellees suggest we should follow, such as a will should be construed as to avoid intestacy, a change in language from paragraph to paragraph should be given some significance, and the intention of the testator must be determined from reading the whole will, have no application. These canons of construction are used when a will is ambiguous. In this case, we hold the will is not ambiguous.

The testator and his wife died without issue. The remainder interest in the testator's real property passes to his mother, Ruby Wilson Ellis. *See* G.S. 31-42(c)(1)b and G.S. 29-15(3). We reverse and remand for a judgment consistent with this opinion.

Reversed and remanded.

Judge BRASWELL concurs.

Judge WHICHARD dissents.

Judge WHICHARD dissenting.

"[T]he dominant purpose in construing a will is to ascertain and give effect to the testator's intent." *Bank v. Carpenter*, 280 N.C. 705, 707, 187 S.E. 2d 5, 7 (1972). That intent is determined by examining the entire will in light of all surrounding circumstances

known to the testator. *Wilson v. Church,* 284 N.C. 284, 295, 200 S.E. 2d 769, 776 (1973). It is presumed that one who makes a will does not intend to die intestate as to any of his property. *Ferguson v. Ferguson,* 225 N.C. 375, 377, 35 S.E. 2d 231, 232 (1945). "Having undertaken to make a will at all, it is not consistent with sound reasoning that the testator would have left his estate dangling." *Coddington v. Stone,* 217 N.C. 714, 720-21, 9 S.E. 2d 420, 424 (1940). When a will permits two interpretations, then, one resulting in complete testacy and the other only partial, the presumption favors complete testacy.

I believe the will does permit two interpretations, and that the interpretation which results in complete testacy should prevail. In Item Two the testator bequeathed his personal property to his wife and mother equally, and provided that in the event of the death of one the survivor would take such property in its entirety. He made no such provision with regard to his real property, thereby indicating a clear intent to limit his mother to the life estate therein which he expressly granted.

The testator provided for disposition of both real and personal property. Item Four stated that he devised and bequeathed "*all* of [his] property." It is thus evident that he intended to dispose of his entire estate, not that some of it should pass by intestacy.

It is apparent that the draftsman failed to take account of the possibility that the testator's wife would predecease his mother. It is equally evident, though, that the testator intended that the named nieces and nephew have the property after the death of both his wife and mother.

I vote to affirm.