WENDY BETTS, ANGIE BETTS, BY AND THROUGH THEIR GUARDIAN AD LITEM, SANDRA BETTS PARKER AND KENNETH WAYNE O'NEIL v. MARGARET PARRISH, ADMINISTRATRIX CTA OF THE ESTATE OF RUSSELL SANDERFORD, RUBY WILSON ELLIS AND MILDRED S. POLLARD

No. 303A83

(Filed 2 October 1984)

1. **Wills §§ 30.1, 52— partial intestacy—lack of ambiguity in will—condition precedent in residuary clause**

   Where the testator's will devised his real property to his mother for life, then in fee simple to his wife, with the wife to take the property in fee simple if the mother predeceased the testator, and further provided that plaintiffs should take the property if both the mother and wife should predecease the testator, there is no ambiguity when the wife predeceases the testator and the last clause should not be applied as a residuary clause to prevent partial intestacy. That clause contains a condition precedent which was not met. G.S. 31-42, G.S. 29-15(3).

2. **Wills § 28— doctrine of implied gift**

   The doctrine of implied gift set out in *Wing v. Trust Co.*, 301 N.C. 456, does not apply because *Wing* did not involve a lapsed devise, the plaintiffs in

this case were not recipients of a lifetime estate, and *Wing* will not be invoked merely to avoid intestacy.

Justice EXUM dissenting.

APPEAL by plaintiffs, pursuant to G.S. 7A-30(2), from a decision of a divided panel of the Court of Appeals, 62 N.C. App. 77, 302 S.E. 2d 288 (1983), reversing an Order granting summary judgment for the plaintiffs, entered by *Godwin, J.,* at the 24 March 1982 Civil Session of Superior Court, WAKE County.

*Moore, Ragsdale, Liggett, Ray & Foley, P.A., by John N. Hutson, Jr., for plaintiffs-appellants.*

*Kimzey, Smith, McMillan & Roten, by Duncan A. McMillan, for defendant-appellee.*

FRYE, Justice.

This is a declaratory judgment action seeking a construction of the will of Russell W. Sanderford [hereinafter also referred to as the testator]. The testator's wife, Mamie Prince Sanderford, predeceased him. At the time of the testator's death, he was survived by one lineal ascendant, his mother, Ruby Wilson Ellis, a defendant in this action. He was also survived by the plaintiffs, Kenneth Wayne O'Neil, a nephew; Wendy Betts and Angie Betts, step-great-grandchildren (referred to as "nieces" in the Will).

The plaintiffs filed a complaint in the superior court seeking a declaratory judgment adjudging them to be the owners of the testator's real property located at 134 Maywood Avenue, Raleigh, North Carolina, subject to the life estate of Ruby Wilson Ellis. The defendants answered seeking a declaratory judgment that Ruby Wilson Ellis is the fee simple owner of the aforementioned real estate. Both parties moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. The superior court granted the plaintiffs' motion for summary judgment. The court ruled that the devise to the testator's wife (ITEM THREE of the Will) of the remainder interest in the real estate lapsed upon her death prior to the testator's death. The court further ruled that ITEM FOUR of the Will devised the lapsed remainder to the plaintiffs as tenants in common. Therefore, the testator's mother, Ruby Wilson Ellis, held only a life estate in the

real property with the remainder interest vested in fee to the plaintiffs.

The Court of Appeals (Judges Webb and Braswell, with Judge Whichard dissenting) held that the remainder interest in the testator's real estate passed to his mother, Ruby Wilson Ellis, pursuant to G.S. 31-42(c)(1)b and G.S. 29-15(3), since the testator and his wife died without issue. *Betts v. Parrish*, 62 N.C. App. 77, 302 S.E. 2d 288 (1983).

We affirm the decision of the Court of Appeals.

## I.

Russell W. Sanderford died 10 April 1980 at age 66. Mr. Sanderford's Last Will and Testament was admitted to probate in the Superior Court, Wake County, on 16 May 1980. The Will provided as follows:

I, RUSSELL W. SANDERFORD, being of sound and disposing mind but knowing the certainty of death and the uncertainty of my earthly existence, do hereby make, declare and publish this my last will and testament, hereby revoking all former wills by me made.

### ITEM ONE

I direct my Executrix hereinafter named to give my body a decent burial and to pay from the first monies she receives all of my just debts, including the inheritance tax payable by the beneficiaries of this devise.

### ITEM TWO

I will and bequeath all of my personal property in equal shares to my wife, Mamie Prince Sanderford, and my mother, Ruby Wilson Ellis; provided that if either should predecease me then the survivor shall receive all of said personal property.

### ITEM THREE

I will and devise my house at 134 Maywood Avenue, Raleigh, N. C., and all other real estate that I own to my mother for her lifetime and after her death to my wife,

Mamie Prince Sanderford, in fee simple. Should my mother predecease me, then I will and devise said real estate to my wife, Mamie Prince Sanderford, in fee simple.

ITEM FOUR

If my mother and my wife should both predecease me, then I will, devise and bequeath all of my property, real, personal and mixed in equal shares to my nieces and nephew as follows:

One-third interest to Wendy Betts

One-third interest to Angie Betts

One-third interest to Kenneth Wayne O'Neil

ITEM FIVE

I hereby name and appoint my wife, Mamie Prince Sanderford, as Executrix of my estate to serve without bond.

IN TESTIMONY WHEREOF, I, the said RUSSELL W. SANDERFORD, have hereunto set my hand and seal, this (illegible) day of May 1974.

[1] In this declaratory judgment action, the plaintiffs contend that there is an ambiguity in the Will created by the difference in language between ITEM TWO and ITEM THREE of the Will. When the testator disposed of his personal property in ITEM TWO, he stated that if his wife were to predecease him, then his mother should take his wife's share of his personal property. However, no similar disposition of the real property was made in ITEM THREE of the Will. Therefore, plaintiffs argue, this omission indicates that Sanderford intended that his mother take only a life estate in the real property, with the remainder in fee passing to the plaintiffs pursuant to ITEM FOUR of the Will, thus preventing partial intestacy. The trial court agreed with the plaintiffs.

On appeal the Court of Appeals reversed, stating that ITEM FOUR of the Will was not ambiguous. The contingency in ITEM FOUR of the Will, requiring that both the wife and mother predecease the testator before any interest should pass to the plaintiffs, had not occurred. Consequently, the remainder interest in the property lapsed and passed to the mother, Ruby Wilson Ellis, in accordance with G.S. 31-42(c)(1)b and G.S. 29-15(3).

Judge Whichard dissented, believing that the Will permits "two interpretations, and that the interpretation which results in complete testacy should prevail." *Betts v. Parrish*, 62 N.C. App. 77, 80, 302 S.E. 2d 288, 290 (1983) (Whichard, J., dissenting). Judge Whichard concluded that, although the draftsman failed to take account of the possibility that testator's wife would predecease his mother, the testator nevertheless intended that his "nieces" and nephew should have the property after the death of both his wife and mother. He thus voted to affirm the trial court. Therefore, the plaintiffs appeal to this Court as a matter of right. *See* G.S. 7A-30(2) (Cum. Supp. 1983).

## II.

We agree with the Court of Appeals that there is no ambiguity in Mr. Sanderford's Will. *Betts v. Parrish*, 62 N.C. App. 77, 302 S.E. 2d 288 (1983). ITEM THREE of the Will reads as follows:

> I will and devise my house at 134 Maywood Avenue, Raleigh, N. C., and all other real estate that I own to my mother for her lifetime and after her death to my wife, Mamie Prince Sanderford, in fee simple. Should my mother predecease me, then I will and devise said real estate to my wife, Mamie Prince Sanderford, in fee simple.

This provision creates a life estate for testator's mother, with a remainder over in fee simple to the testator's wife. Sanderford's wife, the remainderman under ITEM THREE, predeceased the testator and left no issue surviving that would have been an heir to the testator had he died intestate. Therefore, G.S. 31-42(a)[1] would not prevent a lapse from occurring. G.S. 31-42(b)[2] is not ap-

---

1. § 31-42. Failure of devises and legacies by lapse or otherwise; renunciation. —(a) Devolution of Devise or Legacy to Person Predeceasing Testator.—Unless a contrary intent is indicated by the Will, where a devise or legacy of any interest in property is given to a devisee or legatee who would have taken individually had he survived the testator, and he dies survived by issue before the testator, whether he dies before or after the making of the will, such devise or legacy shall pass by substitution to such issue of the devisee or legatee as survived the testator in all cases where such issue of the deceased devisee or legatee would have been an heir of the testator under the provisions of the Intestate Succession Act had there been no will.

2. Devolution of Devise or Legacy to Member of Class Predeceasing Testator. —(b) Unless a contrary intent is indicated by the will, where a devise or legacy of

plicable since that subsection applies to members of a class who predeceased the testator.

Because G.S. 31-42 does not prevent a lapse under subsections (a) or (b), the remainder interest would pass according to the statutory provisions of subsection (c) which provides:

(c) Devolution of Void, Revoked, Renounced or Lapsed Devises or Legacies.—If subsections (a) and (b) above are not applicable and if a contrary intent is not indicated in the will:

(1) Where a devise or legacy of an interest in property is void, is revoked, or lapses or which for any other reason fails to take effect, such a devise or legacy shall pass:

a. Under the residuary clause of the will applicable to real property in case of such devise, or applicable to personal property in case of such legacy, or

b. As if the testator had died intestate with respect thereto when there is no such applicable residuary clause[.]

Subsection (c)(1)a of the statute requires the devise to pass under the terms of an applicable residuary clause in the event of a lapse. In the absence of an applicable residuary clause, subsection (c)(1)b requires that the property pass as intestate property.

Plaintiffs contend that ITEM FOUR of the Will, though not specifically designated as such, is in reality an applicable residuary clause. If so, the property would pass to the plaintiffs pursuant to subsection (c)(1)a, rather than to the testator's mother, his sole heir under the laws of intestacy, pursuant to subsection (c)(1)b.

It is well settled that no particular mode of expression is needed to constitute a residuary clause. All that is required is an

an interest in property is given to a devisee or legatee who would have taken as a member of a class had he survived the testator, and he dies survived by issue before the testator, whether he dies before or after the making of the will, such devise or legacy shall pass by substitution to such issue of the devisee or legatee as survive the testator in all cases where such issue of the deceased legatee would have been an heir of the testator under the provisions of the Intestate Succession Act had there been no will: Provided, however, if such devisee or legatee is not survived by such issue, then the entire property interest therein shall devolve upon the remaining members of the class who survive the testator.

adequate indication that a particular clause was intended to dispose of property which was not otherwise disposed of by the Will. *Faison v. Middleton*, 171 N.C. 170, 88 S.E. 141 (1916). ITEM FOUR of the Will provides:

> If my mother and my wife should both predecease me, then I will, devise and bequeath all of my property, real, personal and mixed in equal shares to my nieces and nephew as follows:
>
> One-third interest to Wendy Betts
>
> One-third interest to Angie Betts
>
> One-third interest to Kenneth Wayne O'Neil

Assuming *arguendo* that this provision constitutes a residuary clause, it is apparent from the express language used by the testator at the beginning of the provision that the plaintiffs should take all of his property only if the testator's mother and wife *both* predeceased the testator. This, in fact, did not happen. Only the wife predeceased the testator. "So where it is clear from the residuary clause itself or other parts of the will, that the testator had in fact a contrary intention, namely, that the residue should not be general, and that things given away . . . should not fall into the residue," *Holton v. Jones*, 133 N.C. 399, 406, 45 S.E. 765, 768 (1903) (quoting *Sorrey v. Bright*, 21 N.C. (1 Dev. & Bat Eq.) 114, 116 (1835)); *see generally*, Annot., 10 A.L.R. 1522 (1921), subsection (c)(1)a of G.S. 31-42 does not apply. Therefore, the plaintiffs do not take any interest under ITEM FOUR of the Will since the condition precedent, i.e., the prior death of the testator's mother and wife, was not satisfied.

Since the remainder interest in the real property does not pass under ITEM FOUR or any other provision of the Will, this devise lapses and passes as intestate property to the testator's sole heir at law, his mother. *See* G.S. 31-42(c)(1)b and 29-15(3). Plaintiff contends, however, that the Court should depart from the express language in ITEM FOUR so that no part of the testator's estate will pass by intestacy. "It is a general rule always to construe a residuary clause so as to prevent an intestacy as regards any part of the testator's estate, *unless there is an apparent intention to the contrary.*" *Faison*, 171 N.C. at 172, 88 S.E. at 142 (emphasis added). The condition precedent in ITEM

FOUR demonstrates a contrary intention and requires that part of the testator's estate pass by intestacy.

In *Williard v. Weavil*, 222 N.C. 492, 23 S.E. 2d 890 (1943), this Court said:

> We are not inadvertent to the presumption against intestacy, called to our attention by the plaintiffs; but this rule, however strong, is but a rule of construction, which must yield to the true intent of the testator when it can be ascertained. . . . It does not authorize the Court to make a will or to add to a testamentary disposition something which, by reasonable inference, is not there, or to make intestacy impossible.

*Id.* at 496, 23 S.E. 2d at 893.

Furthermore, when the language of the will is definite and clear, the presumption that the will must be construed to prevent partial intestacy is generally not employed. If the language is unambiguous, then there is no need to resort to a construction of the will, and the expression of the testator must be given effect. *McCallum v. McCallum*, 167 N.C. 310, 83 S.E. 250 (1914).

The language in ITEM FOUR of Sanderford's Will is clear and definite. The testator limited the effectiveness of ITEM FOUR of the Will by inserting language at the beginning, which creates a condition precedent. The Will stated that the beneficiaries under ITEM FOUR would take an interest in the testator's property if his mother and wife should *both* predecease him. If either the testator's wife or mother were living at the testator's death then this condition was not met, since it is obvious that both of them had not predeceased the testator. This is consistent with ITEM TWO of the Will wherein Sanderford expressly provided that in the event that either his wife or mother should predecease him then the survivor should be entitled to all of his personal property. This language achieves a perfectly legitimate and desirable testamentary plan under the circumstances because it provides primarily for the wife and mother in case of the testator's death.

[2] Plaintiffs strongly argue that the doctrine of implied gifts, as espoused in *Wing v. Wachovia Bank & Trust Co.*, 301 N.C. 456, 272 S.E. 2d 90 (1980), should be applied to the facts in the present

case to imply a gift to the plaintiffs of the remainder interest in Sanderford's real property. This doctrine simply states that:

> If a reading of the whole will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed by express and formal words, the Court may supply the defect by implication and so mould the language of the testator as to carry into effect, so far as possible, the intention which it is of opinion that he has on the whole will sufficiently declared.

*Id.* at 464-465, 272 S.E. 2d at 96 (quoting *Burcham v. Burcham*, 219 N.C. 357, 359, 13 S.E. 2d 615, 616 (1941)).

A brief review of the facts in *Wing* is necessary to accurately distinguish it from the present case. In *Wing* the testator's will established a testamentary trust, which provided that a small portion of the income was to be paid to the testator's brothers and sisters for life, a small portion to testator's nieces and nephews for life, with the bulk of the income passing to the great-nieces and great-nephews. The trust was to terminate upon the death of the last survivor of all of the life income beneficiaries; however, there was no express provision in the will for ultimate distribution of the trust corpus. The Court did indeed recognize the doctrine of implied gifts by concluding that the corpus of the trust should pass to certain income beneficiaries, namely, the great-nieces and great-nephews. The Court declined to accept the judgment of the Court of Appeals which had concluded that the corpus should pass by intestacy.

The first important distinction between the present case and *Wing* is the fact that in *Wing* the Court was not concerned with the issue of a lapsed devise. A lapsed devise occurs when the devisee dies prior to the death of the testator. *See generally* N. Wiggins, *Wills and Administration of Estates in North Carolina,* § 149 (2d ed. 1983) and Leath, *Lapse, Abatement, and Ademption,* 39 N.C.L. Rev. 313 (1961) for a discussion of North Carolina law relating to lapsed devises. The *Wing* case involves the question of the ultimate distribution of the corpus of a testamentary trust after the death of the income beneficiaries, unfettered by any question of a lapsed devise. However, in the instant case, the dispositive issue is the ultimate disposition of a lapsed devise under ITEM THREE of the Will, created by the death of the testa-

tor's wife prior to the death of the testator. If indeed a named income beneficiary in *Wing* had predeceased the testator, then the facts of that case would have been more similar to those before the Court today. *See generally* Annot., 118 A.L.R. 559 (1939) (discussing application of various states' anti-lapse statutes in the event of the death of a devisee or legatee before testator as applicable to the interest of a beneficiary of a trust who dies before the testator).

Second, the law of trusts recognizes that equity will infer an intent to give the remainder interest in the principal to the income beneficiary when there is no express disposition of the principal provided for by the testator. *Poindexter v. Wachovia Bank and Trust Co.*, 258 N.C. 371, 128 S.E. 2d 867 (1963). *See, e.g.*, G. G. Bogert and G. T. Bogert, *The Law of Trusts and Trustees*, § 182, at 357 (rev. 2d ed. 1979) (hereinafter Bogert and Bogert). Absent an express disposition of the principal by the testator, an implied gift can result if there is an implied intent on the part of the testator that an additional interest be given to an income beneficiary. Bogert and Bogert, *supra*, § 82, at 354. In *Wing*, the Court considered the scheme employed by the testator in disposing of his estate as evidence of an unequivocal intent on the part of the testator that the great-nieces and great-nephews should ultimately receive the remainder of the trust corpus. The testator had given eighty percent of the trust income to the great-nieces and great-nephews and provided that ultimately they would receive one hundred percent of the trust income.

Unlike the *Wing* case, the plaintiffs in the present case were not recipients of any lifetime interest in the testator's estate. Instead, Sanderford demonstrated his intent to benefit primarily his mother by devising a life estate in his real property to his mother and also bequeathing one-half of his personal property to her. Sanderford clearly indicated an intent to favor his mother over the plaintiffs, who were beneficiaries under ITEM FOUR of the Will, only if his mother and wife predeceased him.

Finally, the Court in *Wing* explicitly acknowledged that "a gift by implication is not favored in the law and cannot rest upon mere conjecture." *Wing*, 301 N.C. at 464, 272 S.E. 2d at 96. The inference of such an implied gift must rest upon cogent reasoning and " 'cannot be indulged merely to avoid intestacy.' " *Id.* (quoting

*Burney v. Holloway*, 225 N.C. 633, 637, 36 S.E. 2d 5, 8 (1945) ). For the Court to infer that Sanderford favored his nephew and step-great-grandchildren over his mother would be indulging in mere conjecture. Indeed, cogent reasoning dictates that the testator expressly limited the plaintiffs to an interest in his property only upon the happening of an expressly stated condition, that is, the death of both his mother and his wife prior to his own death.

The fact that part of the testator's estate will pass by intestacy to the primary and natural object of his bounty, his mother, is certainly not a compelling reason to find an implied gift to the plaintiffs. Justice Seawell succinctly stated the same conclusion in *Van Winkle v. Berger*, 228 N.C. 473, 46 S.E. 2d 305 (1948):

> A man is not required to visualize all changes and contingencies near or remote, trivial or important, which might come about . . . and meticulously provide against intestacy in order to make a valid will; nor may the Court, by the exercise of hindsight better than his foresight, improve upon the testamentary disposition.

*Id.* at 479, 46 S.E. 2d at 309.

Accordingly, we hold that ITEM FOUR of the Will, even if in the nature of a residuary clause, is subject to a condition precedent, namely, that testator's mother and spouse should both predecease him before any property should pass to the plaintiffs. To construe ITEM FOUR of testator's Will so as to give this property to plaintiffs, contrary to the expressed provision of that item, would amount to rewriting the Will. This we decline to do. Because the property does not pass to plaintiffs under ITEM FOUR of the Will, it must pass by the laws of intestacy. The laws of intestacy clearly favor a parent over a collateral relative or a non-blood relative.

In conclusion, we hold that the life estate in the testator's real estate passed to the testator's mother under ITEM THREE of the Will, and the remainder interest in the real estate passes to the testator's mother under the laws of intestacy via the anti-lapse statute, G.S. 31-42(c)(1)b. We find this result consistent with the intention of the testator as expressed in and ascertained from his Will as a whole, giving greater regard to the dominant purpose of the testator.

The decision of the Court of Appeals, reversing the trial court and remanding for judgment that the remainder interest in the testator's real property passes to his mother, is hereby affirmed.

Affirmed.

Justice EXUM dissenting.

I dissent essentially for the reasons stated by Judge Whichard in his dissenting opinion in the Court of Appeals.

I think the majority errs in construing this will by focusing on whether Item Four, standing alone, is ambiguous. This is not the question. The question is whether the will, read as a whole, creates an ambiguity with regard to the testator's intent in disposing of the remainder interest in the real property in the event his wife, but not his mother, should predecease him. I think there is an ambiguity. Item Three of the will makes it clear that the testator intended for his mother only to have a life estate in the property. Item Four expresses the testator's intent in the event both his wife and mother should predecease him. In that event he desired plaintiffs to have the remainder interest together with all other property which he owned. The testator did not express himself with regard to his intent in the event his wife, but not his mother, predeceased him.

As Judge Whichard pointed out in his dissent, the will is subject to two interpretations. One is that the testator's mother should have only a life interest in the property and the remainder interest should lapse and pass under the residuary clause. The second is that the remainder should lapse and pass as an intestacy.

Where a will is subject to two interpretations, the one favoring complete testacy should prevail. *Ferguson v. Ferguson*, 225 N.C. 375, 35 S.E. 2d 231 (1945); *Coddington v. Stone*, 217 N.C. 714, 9 S.E. 2d 420 (1940).

My vote, therefore, is to reverse the Court of Appeals and to sustain the judgment of the trial court.